DE FOREST RICHARDS V. HIRAM G. MCMILLIN.

FILED MARCH 1, 1893.   No. 4701.

1. **County Officers:** INELIGIBILITY: AUTHORITY OF COUNTY BOARD TO DECLARE VACANCIES AND MAKE APPOINTMENTS: HOLD-OVER OFFICERS. A county board is not authorized to declare vacant a county office and make an appointment to fill such vacancy on the sole ground that an officer elect is ineligible and therefore unable to qualify. The incumbent of such office has a right to qualify within ten days after it is ascertained that his successor elect is ineligible, and upon qualifying in the manner provided by law will be entitled to hold over until a successor is elected and qualified.

2. ———: ACTION TO RECOVER EMOLUMENTS FROM DE FACTO OFFICER. Where a claimant of an office sues a *de facto* officer to recover the emoluments thereof received by the latter, the plaintiff's title to the office is put in issue, and in order to recover he is required to prove that he is the *de jure* officer.

3. ———: ———: HOLD-OVER OFFICER: SUFFICIENCY OF EVIDENCE. Evidence examined, and *held* not sufficient to sustain a finding that the defendant in error qualified as treasurer of D. county in the manner and within the time prescribed by law, so as to en-

title him to hold over as his own successor, the treasurer elect having been adjudged ineligible.

4. ———: ———: ELIGIBILITY OF DE FACTO OFFICER: RES ADJUDICATA. *Held*, That the judgment in *State, ex rel. Richards, v. McMillen*, 23 Neb., 385, is conclusive of the question of the eligibility of the relator therein to the office of treasurer of Dawes county by election at the general election in 1885, but not of his eligibility to said office by appointment in the month of January, 1886.

ERROR from the district court of Dawes county. Tried below before KINKAID, J.

*Albert W. Crites*, for plaintiff in error.

*Alfred Bartow*, contra.

POST, J.

This is a petition in error from the district court of Dawes county, the following being the material facts disclosed by the record: At the general election in 1885 the plaintiff in error was elected treasurer of said county. Before the commencement of his term of office the defendant in error, who was then treasurer of said county, commenced contest proceedings in the county court against him on the ground that he was ineligible to the said office by reason of not having resided in the state for six months previous to said election. On the 8th day of December, 1885, final judgment was entered by the county court in said proceeding, finding that the contestee therein, plaintiff in error, was ineligible, and declaring his said election null and void. From the judgment aforesaid an appeal was taken to the district court, but said appeal was subsequently dismissed on the motion of the appellant therein, leaving the judgment of the county court in full force and effect. On the 9th day of January, 1886, the county board of said county, at a meeting legally called, among other things, made the following record: "On motion the office of county

26

treasurer was declared vacant.  It was moved by D. W.
Sperling that De Forest Richards be appointed county treas-
urer;" and on the same day Mr. Richards filed his official
bond, in which it is recited that he has been appointed
treasurer of Dawes county, which was approved by the
county board, and after having taken the oath of office he
assumed the duties of said office, and which he continued
to discharge until the end of the term, on the 5th day of
January, 1888.  The county board continued to recognize
him as the treasurer of said county by delivering to him the
tax lists for the years 1886 and 1887, and otherwise.  The
defendant in error, who claimed the right to hold over as
treasurer of said county by reason of the ineligibility of the
plaintiff in error in January, 1886, tendered a new and
sufficient bond as treasurer, but which was rejected by the
county board.  On the 20th day of January, 1886, while
the defendant in error still had possession of a part of the
records and papers of said office, the plaintiff in error in-
stituted a proceeding by *quo warranto* against him in this
court for the purpose of testing his right and title to said
office, which resulted in a final judgment against the re-
lator therein. (See *State v. McMillen*, 23 Neb., 385.)  After
the plaintiff in error had surrendered the office to his suc-
cessor elect, in 1888, this action was brought against him
by the defendant in error to recover the emoluments thereof
during his incumbency, and a trial had, resulting in a
judgment for the plaintiff below in the sum of $2,030.87,
and costs, whereupon the case was removed to this court by
petition in error.

In considering the questions involved the fact should
not be overlooked that the claim of the defendant in error
to the emoluments of the office is based upon his alleged
right to hold over on account of ineligibility of the plaint-
iff in error, his successor elect, while the claim of the lat-
ter is based upon his alleged appointment by the county
board in January, 1886, and not his election in November,
1885.

It is claimed that the county board had no authority to make the appointment in question. By section 103, chapter 26, Compiled Statutes, entitled "Elections," it is provided, "Vacancies shall be filled in the following manner: In the office of the reporter of the supreme court, by the supreme court. In all other state and judicial district offices, and in the membership of any board or commission created by the state, where no other method is specially provided, by the governor. In county and precinct offices, by the county board; and in the membership of such board, by the county clerk, treasurer, and judge. In township offices, by the town board, but where the offices of the town board are all vacant the clerk shall appoint, and if there be no town clerk, the county clerk shall appoint. In city and village offices, by the mayor and council, or board of trustees." And by section 104 it is provided that "Every officer elected or appointed for a fixed term shall hold office until his successor is elected, or appointed and qualified, unless the statute under which he is elected or appointed expressly declares the contrary." There is certainly a respectable line of authorities holding that in the absence of a special statutory provision to the contrary, the failure of an officer elect, from any cause, to qualify will not create a vacancy so as to authorize the filling of such office by appointment in those states where officers hold until their successors are elected and qualified, but that the incumbent continues not merely as a *de facto* officer, but as an officer *de jure*. (See *State v. Howe*, 25 O. St., 588; *People v. Tilton*, 37 Cal., 614; *State v. Harrison*, 113 Ind., 434.) By our statute defining vacancies, section 101, chapter 26, Compiled Statutes, it is not declared that the failure of an officer elect to qualify, or a judgment declaring an election void, shall cause a vacancy. The only provision bearing upon the subject is subdivision 6 of said section, which provides that a vacancy shall exist in case of "a failure to elect at the proper time, there being no in-

cumbent to continue in office until his successor is elected and qualified, nor other provisions relating thereto." Our conclusion is that the county board was not authorized to declare the office in question vacant on the sole ground that the election was void on account of the ineligibility of the plaintiff in error, and that the defendant in error was authorized to hold over until the next general election, at least, on conditions to be hereafter noticed.

It is provided by section 17, chapter 10, Compiled Statutes, that "when the incumbent of an office is re-elected or reappointed he shall qualify by taking the oath and giving the bond as above directed, but when such officer has had public funds or property in his control his bond shall not be approved until he has produced and fully accounted for such funds and property, and when it is ascertained that the incumbent of an office holds over by reason of the non-election or non-appointment of a successor, or of the neglect or refusal of the successor to qualify, he shall qualify anew within ten days from the time at which his successor, if elected, should have qualified."

Construing the last clause of the above section with the provisions previously cited, we think the right of the defendant in error on the failure of his successor-elect to qualify by reason of his ineligibility was to hold over, or become his own successor upon giving a new bond and taking the oath of office precisely as if he had been elected to succeed himself. In other words, the statute contemplates that he should enter upon a new and different term upon complying with the statutory conditions, and not otherwise. Another proposition, which we regard as well settled by authority, is that the plaintiff below must recover upon the strength of his own title to the office, and not on account of any defect in that of his adversary. To state the same proposition differently, the fact that plaintiff in error may have been a *de facto* officer merely will not avail the

defendant in error in this action, unless the latter was the *de jure* officer. There is much confusion upon the subject of the right of a *de jure* officer to recover from a municipality which has made full payment to an officer *de facto*, but there is no exception to the rule that in order to recover the emoluments received by another while in possession of an office the plaintiff must prove a better title thereto than the incumbent. And for the reason just stated, the defendant in error must fail in this action, since it does not appear from the record that he was, during the time. for which he claims, either the *de facto* or *de jure* treasurer of Dawes county. He certainly was not a *de facto* officer, for the reason that the county board installed the plaintiff in said office and delivered to him the tax lists for the two years in question. It is admitted that the latter collected all of the revenue received by the county during said years, and disbursed it in accordance with the orders .of the county board. Nor can defendant in error upon the record be said to be an officer *de jure*. There is no evidence that he ever qualified as a hold-over officer by taking the oath of office as provided by law. It is true that according to an admission in the record he tendered a sufficient bond during the month of January, 1886, but there is no proof from which we can infer that it was within the time prescribed by statute. The question when he was required to requalify in view of the facts disclosed is not involved in this controversy, but that an incumbent must in such case qualify anew in order to be entitled to the rights of an officer *de jure* is settled by the case of *State, ex rel. Thayer v. Boyd,* 31 Neb., 682; *State, ex rel. James, v. Lynn,* Id., 770.

2. It is probable that the action of the board on January 9, 1886, declaring the office vacant and attempting to appoint the plaintiff in error treasurer, was without authority of law, for, as we have seen, the defendant in error had a right to qualify as his own successor within ten days after

it was ascertained that the plaintiff in error was ineligible. But never having requalified as the law requires, he is in no position to now call in question the title of the plaintiff in error who was at least a *de facto* officer.

3. There is no doubt of the eligibility of the plaintiff in error at the time of his appointment in January, 1886. The fact that he was ineligible to election in November, 1885, by reason of not having been a resident of the state six months, would afford no legal objection to his appointment to the same office two months later, at which time there is no doubt of his eligibility.

4. The only remaining question is the effect of the judgment of this court in the *quo warranto* proceedings above referred to, 23 Neb., 385. It is earnestly contended by defendant in error that the judgment therein is conclusive of the question now at issue, and such apparently was the opinion of the district court. From an examination of the opinion in that case our conclusion is that the only question therein involved was whether the relator was entitled to the office in question by reason of his having been a resident of the state six months before the commencement of the term for which he was elected, to-wit, in January, 1886, or whether the election was void, for the reason that he had not resided in the state for six months at the time of his election. The only point stated in the syllabus in that case is the following: "The relator was elected to the office of county treasurer at the annual election held November 3, 1885. At that date he had been a resident of the state for five months only, but was otherwise eligible. At the commencement of the term his residence in the state had been continuous for seven months. *Held,* That being ineligible to such election at the date thereof, under a fair construction of sec. 1, art. VII, of the constitution, and sec. 64, ch. 26, Comp. Stats., such ineligibility was not removed, for the purpose of that election, by reason of six months' continuous residence previous to the

-commencement of the term." The question of the right of the defendant in error to the emoluments of the office while holding by virtue of the alleged appointment by the county board is certainly an open one, and which, as has been intimated, we are constrained to resolve in his favor. The judgment of the district court is reversed and the cause remanded for further proceedings therein.

REVERSED AND REMANDED.

THE other judges concur.