STATE OF IOWA *ex rel.* GEORGE W. HOGLE, Appellant, v. JAMES D. SMITH, D. L. BOYD, AND J. C. KEEDICK.

**Australian Ballot Law.** The town recorder declined to print the names of nominees chosen by parties that had not cast two per cent. of the vote of the last general election, on the official ballot.

1   The judges of election declined the ticket printed by the recorder and tickets were used which were printed by the mayor and which contained all that those offered by the recorder did, as well as the names which the recorder declined to put on the ballot. The election was illegal.

**Ouster: SUCCESSOR.** Under such circumstances those who are chosen to succeed themselves hold over until a subsequent election.

*Appeal from Linn District Court.*—HON. J. H. PRES-TON, Judge.

MONDAY, May 20, 1895.

Action to test the right of the defendant Smith to the office of mayor, and the defendants Boyd and Keedick to the office of trustees, of the incorporated town of Mt. Vernon, Iowa. The case was tried to a jury, and at the conclusion of the introduction of evidence the court, on motion of the defendants, instructed the jury to return a verdict for the defendants, and rendered judgment against the relator, George W. Hogle, for the costs of the action, from which he appeals, assigning said instruction and judgment as errors.— *Affirmed.*

*Wm. Glenn* and *Rickel & Crocker* for appellant.

*Charles W. Kepler* and *Smith & Clemens* for appellees.

Given, C. J.—I. This contention rests upon the following facts: On the sixth day of March, 1893, a general election was held in said town for the election of a mayor to succeed the defendant Smith, the then incumbent, and of two trustees to succeed the defendants Boyd and Keedick, the then incumbents; also to elect one recorder to succeed Fred B. Neff, the then recorder of said town. The following proceedings were had preparatory to, and at, said election: On February 23, 1893, there was filed with Fred B. Neff, recorder, two certificates of nomination, and one nomination paper, in substance as follows: One certificate shows that at a regularly called caucus of the citizens of Mt. Vernon, Iowa, February 21, 1893, it was moved that the present officials "be renominated to fill their respective positions for the ensuing year." It was carried by a vote of twenty-six to seventeen. The chair then declared, by virtue of this motion, the following nominations as made and carried, to-wit: "For mayor, James Smith; for trustees, J. C. Keedick and D. L.

Boyd; for recorder, Fred. B. Neff,—each and all of said nominees residing in Mt. Vernon, Linn county, Iowa, and representing a Citizens' party of said town." The other certificate shows that a town caucus was held February 22, 1893, at which the following resolution was adopted: "Be it resolved that we, being citizens of the incorporated town of Mt. Vernon, Linn county, Iowa, being assembled in caucus on the evening of February 22, 1893, do resolve ourselves into a party for the purpose of making nominations of the persons to be voted for at our next annual election." The certificate shows that the nominations were by ballot; that G. W. Hogle was nominated for mayor, J. C. Keedick and W. E. Gamble for trustees, and Fred B. Neff for recorder. Said nomination paper, signed by the relator and eleven other qualified voters of the town, as follows: "We, the undersigned, qualified voters of the incorporated town of Mt. Vernon, Iowa, do hereby nominate the candidates hereinafter named, for the city offices respectively named, to be voted for at the city election to be held on the sixth day of March, A. D. 1893, in and for the town of Mt. Vernon, Iowa, and we do sign our names as for each candidate, respectively, viz.: For mayor, Geo. W. Hogle, Independent Citizens' movement, Main street, Mt. Vernon, Iowa; for recorder, Fred B. Neff, Independent Citizens' movement, Main street, Mt. Vernon, Iowa; for trustees, J. C. Keedick, Independent Citizens' movement, Main street, Mt. Vernon, Iowa, and Wm. E. Gamble, Independent Citizens' movement, Main street, Mt. Vernon, Iowa, Jefferson street." No objection was made in writing to either of said certificates, nor to said nomination paper, but the recorder indorsed upon each certificate as follows: "Held insufficient and inoperative this February 25, 1893." On the same day he mailed to Mr. Williams, chairman of the caucus held February 21, a notice in

writing that he held the certificate, from that caucus, to be insufficient and inoperative, "not being the certificate of a political party which at the last general election polled two per cent. of the entire vote cast." No such notice appears to have been given of the recorder's disapproval of the other certificates, nor was any notice given to any of the nominees. The recorder, holding that the nominations made by the twelve electors, as shown by the nomination paper, were the only legal nominations, proceeded accordingly in the steps required of him in preparing for the election. He had ballots printed in form and number as required, containing only the names of the nominees presented in said nomination paper. These ballots he offered to the judges of the election, in due time demanding of them receipts therefor as the official ballots, which receipts the judges refused to give. The defendant Smith, then mayor, and the defendants Keedick and Boyd, then trustees, of said town, being satisfied that the recorder would not put the names of all the nominees of said first caucus on the ballot to be furnished for said election, had ballots printed, in proper form and number, containing, under the heading "Citizens," the names of the nominees as shown in the first certificate, and, under the heading "Independent Citizens," the names of the nominees as shown by said first-mentioned certificate and by said nomination paper, the names therein being the same. This ballot contained the names of all the persons so put in nomination, and was the only ballot furnished to the voters, and voted at said election. It is not questioned but that the votes cast were by qualified electors, that they were fairly and honestly taken and counted, and that the result was in favor of the defendants. The evidence shows, beyond question, that no such political party as "Citizens" or "Inde-

pendent Citizens" polled any vote at the next preceding general election in said town or county.

II. Appellant's contentions are that said election was not conducted as required by chapter 33, Acts Twenty-fourth General Assembly, and especially in the making of nominations, and in the preparation of the ballots furnished and voted at said election. He contends that in these respects said act is mandatory, and that because of the failure to comply with said act the election of defendants was illegal, wherefore they should be ousted from said offices. Appellees do not claim that said election was conducted as required by said act, but contend that, as to the manner of making nominations and preparing ballots, said act is merely directory; that a substantial compliance is all that is required; and that the will of the voters must prevail, when fairly expressed. The sections of said chapter referred to are numerous and lengthy. We need not set them out. It is sufficient to say that the ballot provided and voted at said election was in no respect as provided in said act. It is clear that there was not even a substantial compliance with the law in any of the steps preceding the taking of the vote. Whether we held the law to be mandatory or directory as to these proceedings, the election was unquestionably illegal, and conferred no right upon any one to hold the offices in question. It will be observed that the defendants were the incumbents of their respective offices. Under section 784 of the Code, they were entitled to hold their respective offices "until his successor is elected and qualified." They were therefore holding said offices legally, and there was no error in directing a verdict for them.—*Affirmed.*