STATE OF MINNESOTA ex rel. H. W. CHILDS, Attorney General, and Others, v. W. B. MARR and Others.[1]

June 19, 1896.

Nos. 10,162—(325).

**Aitkin County—Commissioners—Vacancy in Office.**
The repeal of Sp. Laws 1889, c. 412, by Laws 1895, c. 382, did not create any vacancy in the office of county commissioner of Aitkin county; but those who had been previously elected under the Special Laws of 1889 will continue, under G. S. 1894, § 657, to hold over until their successors are elected and qualified.

**Same—Next Election.**
A full board of five commissioners should be elected at the next general election,—those for the odd-numbered districts for the term of two years, and those for the even-numbered districts for the term of four years, as provided by G. S. 1894, § 661.

Petition of John Hennessy and others for leave to file in the name and on behalf of the state of Minnesota, on relation of petitioners, an information in the nature of a writ of quo warranto against W. B. Marr and others for recovery by petitioners of their offices as members of the board of county commissioners of Aitkin county and for ouster of respondents. The cause was heard on order to show cause why writ of quo warranto should not issue. Ordered that a writ of ouster issue.

*H. W. Childs, P. J. Murphy,* and *McClenahan & Mantor,* for relators.

*F. W. Hall,* for respondents.

[1] Reported in 68 N. W. 8.

MITCHELL, J. The question is whether the relators or the respondents are entitled to the offices of county commissioners for the county of Aitkin.

The general law on the subject of boards of county commissioners, and the election and tenure of office of county commissioners, is contained in G. S. 1894, §§ 657–661, inclusive. Section 657 provides that the term of office of county commissioners shall continue "until their successors are elected or appointed and qualified." We think that this is a general provision that applies to all county commissioners, whether elected under a general or a special law, unless the special statute under which they are elected expressly provides otherwise. Section 670 provides for the filling of vacancies in the office from death, resignation, removal, or otherwise.

In 1889 an act (Sp. Laws 1889, c. 412) was passed providing that there should be elected at the next general election in Aitkin county three county commissioners, who should hold the office for two, four, and six years, respectively, from the first Monday in January, 1891; and that thereafter there should be elected biennially one commissioner, who should hold the office for six years. This act further provided that county commissioners in that county should be elected at large, and not by districts, as provided in the general statute.

The relators were elected under the provisions of this act, for terms of six years, commencing, respectively, on the first Monday of January, 1891, 1893, and 1895. In February, 1895, the legislature passed Laws 1895, c. 382, repealing the special law of 1889. Aitkin county being organized into towns, and polling more than 800 votes, in April, 1896, the relators, who still continued to act as the board of county commissioners, divided the county into five commissioner districts, as provided by sections 657 and 658, G. S. 1894. Subsequently, the chairmen of the boards of supervisors of the towns included within these several commissioner districts, upon the assumption that the repeal of the act of 1889 had created vacancies in all the offices of county commissioners, assembled, and, under the provisions of section 670, assumed to appoint the five respondents to fill the supposed vacancies in the five several districts. Under such appointment, the respondents have taken possession of the offices, and are acting as county commissioners, to the exclusion of relators.

The respondents' claim to the offices is founded upon the assump-

tion that the repeal of the act of 1889 ipso facto terminated relators' terms, and created vacancies in the offices. The trouble, if no other, with this position, is that, if vacancies were created, they must have been created on the very day that the act of 1889 was repealed; while respondents, in support of their claim to the offices, have to rely on the subsequent act of relators, as a board of county commissioners, in dividing the county into districts. But, in our opinion, the repeal of the act of 1889 created no vacancies. The manifest purpose of the repeal was merely to provide for restoring the county to the provisions of the general laws on the subject. Like much careless and loose legislation, the repealing act made no express provision for passing from the operation of the special law to that of the general statutes.

But in view of the manifest purpose of the act, taken in connection with the provisions of the general statutes, as well as of the prior special law, the effect is that at the next general election there must be elected a full board of five commissioners, in accordance with the provisions of section 661,—those for the odd-numbered districts for two years, and those for the even-numbered districts for four years. In other words, for the purpose of passing from the special to the general law, the next election must be considered the first election. The terms of office of the five thus elected will all commence on the first Monday of January next. In the meantime the relators will hold over and constitute the board of county commissioners, under the general provision in section 657 that the term of office of county commissioners shall continue until their successors are elected or appointed and qualified. That the division of the county into five districts is merely prospective, and does not affect commissioners already qualified, was decided in Norwood v. Holden, 45 Minn. 313, 47 N. W. 971. The result is that the relators are entitled to the offices, and the respondents are not.

Ordered that a writ of ouster issue.