STATE ex rel. W. B. DOUGLAS, Attorney General, and Another v. ARTHUR E. WILDER.

February 2, 1899.

Nos. 11,534—(269).

### Election of Commissioners in Redistricted County—G. S. 1894, § 661.

Under the provisions of G. S. 1894, § 661, an entire new board of county commissioners must be elected at the first election held after a county is redistricted, and the number of its commissioner districts increased from three to five.

Writ of quo warranto issued from the supreme court requiring respondent to show by what warrant he held and exercised the office of county commissioner of Itasca county, and to show cause why he should not be adjudged to have usurped the office, and why William E. Meyers should not be declared to be entitled thereto. Writ of ouster ordered.

*C. L. Pratt*, for relator.

*C. D. & Thos. D. O'Brien*, for respondent.

COLLINS, J.

At its organization, Itasca county was divided into three commissioner districts, having a board of three members. In 1896 this respondent was elected from the second district; his term of office

commencing in January, 1897, and, according to his contention, continuing four years, as provided in G. S. 1894, § 661. In 1898, and long before the general election held in that year, the board redistricted the county into five commissioner districts (sections 657 and 662), the new district, numbered the second, still being the one in which respondent resided. He was a candidate for the office of commissioner of the second district at the 1898 election, but his opponent, Meyers, in whose behalf this proceeding has been instituted, was elected, receiving the certificate of election. Meyers was eligible to the office, and duly qualified, but the respondent refuses to surrender possession of the same, and persists in discharging the duties thereof.

Under the provisions of section 661, it is plain that at the first election held after five districts have been created—either at the original organization of the county, or by a redistricting, whereby the number of districts is increased from three to five—there must be elected an entire new board of county commissioners. The language used in section 661 precludes any other view of the matter, for it reads thus:

"At the first election, when the board of county commissioners will consist of five members, the persons elected from districts numbered one, three and five shall hold their offices for the term of two years, and the persons elected from the districts numbered two and four, for the term of four years, and thereafter the commissioners elected shall hold for the term of four years."

It follows that the respondent is a usurper, and should be ousted. The construction of the statute here adopted is that placed upon it by Attorney General Cornell in 1871, by Attorney General Wilson in 1875, by Attorney General Start in 1880, and by Attorney General Hahn in 1881. See Opinions Attys. Gen. 262, 334, 439, 466. As was said in the opinion of the first-mentioned official,

"These provisions evidently contemplate the election of an entire new board at the first election next after the legal creation of five districts. The term of office of the members of the old board is subject to the power to redistrict, and, when such power is legally exercised, it necessarily affects the term of such office."

See also State v. Marr, 65 Minn. 243, 68 N. W. 8, which is in ac-

cord with the views herein expressed. Counsel for respondent seem to think Norwood v. Holden, 45 Minn. 313, 47 N. W. 971, controls this case in their favor. In that case it was simply held that an order redistricting a county, made after a person has been elected commissioner from a certain numbered district, but before he is entitled to his seat in the board, and by which order the town in which such commissioner-elect resided was thrown into a district bearing another number, could not operate to disqualify him, or to deprive him of his right to the office. It is not in point here.

Let a writ of ouster issue, as demanded by the attorney general.