(112 N. W. 60.)

---

STATE OF NORTH DAKOTA, EX REL., G. L. BICKFORD v. J. W. FABRICK, AS COUNTY AUDITOR.

Opinion filed April 25, 1907. Rehearing denied May 31st, 1907.

**Mandamus is a Special Proceeding — Trial De Novo.**

1. A mandamus proceeding is not an action under sections 6741, 6742, and 6743, Rev. Codes 1905, being a special proceeding. Under section 7229, Rev. Codes 1905, only actions are triable de novo in the Supreme Court, and this does not contemplate the trial de novo of special proceedings.

**Same — Review — Statement of the Case.**

2. A statement of the case on appeal in a mandamus proceeding which does not contain specifications of error does not admit of a review of anything except the judgment roll.

**County Superintendent — Term of Office.**

3. Under the statute of this state providing that the term of office of the county superintendent of schools shall be two years, commencing on the first Monday in January following his election, and until his successor is elected and qualifies, a duly elected and qualified and acting county superintendent of schools continues such superintendent until his success or is elected and qualifies.

**Same — Compensation.**

4. A county superintendent, lawfully holding over after the expiration of two years from his qualification as superintendent, and continuing to perform the duties of the office, is entitled to the compensation provided by law for the incumbent of such office.

Appeal from District Court, Ward County; *Fisk, J.*

Application by the state, on the relation of G. L. Bickford, for writ of mandamus against J. W. Fabrick, auditor of Ward county. Judgment for relator, and defendant appeals.

Affirmed.

*C. N. Frich,* attorney general; *Geo. A. McGee,* state's attorney; and *Joseph Denoyer,* assistant state's attorney, for appellant.

When contestant's predecessor had been declared elected and had qualified, and entered upon her duties, such contestant could not be treated as his own successor in office. State v. Callahan, 4 N. D. 481, 61 N. W. 1025; Stevens v. Carter, 31 L. R. A. 342.

*Palda & Burke,* and *Burke & Middaugh,* for respondent.

One holding office after the expiration of the term thereof, "and until his successor is elected and qualified," is both a *de facto* and *de jure* officer. State v. Sullivan, 11 L. R. A. 272; State v. Benedict, 15 Minn. 198 (Gil. 153); People v. Tilton, 37 Cal. 614; State v. Berg, 50 Ind. 501; Stevenson v. Smith, 87 Mo. 158; Lee Savings Bank v. Hunt, 72 Mo. 597, 37 Am. Rep. 449; Lowe v. Seay, 72 Mo. 648; State v. Howe, 18 Am. Rep. 321; Badger v. U. S., 93 U. S. 599, 23 L. Ed. 991; Placer County v. Dickerson, 45 Cal. 12.

Salary is incidental to the legal title to the office, and not to its occupancy or exercise. Kreitz v. Behrensmeyer, 24 L. R. A. 59; People v. Potter, 63 Cal. 127; McCue v. Wapello County, 10 N. W. 248; Yorks v. St. Paul, 64 N. W. 565; Rasmussen v. Co. Com., 45 L. R. A. 295; Merchants Natl. Bank v. McKinney, 48 N. W. 841; Flypaa v. Brown County, 62 N. W. 962.

The rights and duties of an incumbent of an office continue until his successor has been elected or appointed, and has properly qualified. 23 Enc. of Law (2nd Ed.), page 415; Badger v. U. S., supra; Meyer v. Culver, 35 Pac. 984; Carlisle v. Henderson, 17 Colo. 532; State v. Menaugh, 51 N. E. 117; State v. Smith, 63 N. W. 453; State v. Marr, 68 N. W. 8; Richards v. McMillan, 54 N. W. 566; State v. Compson, 34 Ore. 25; State v. Meilike, 81 Wis. 574.

SPALDING, J.   This is an appeal from a judgment of the district court of Ward county commanding the defendant, as auditor of such county, to draw his warrant to the relator for $3,997.46 as salary as superintendent of schools of that county for the years 1903 and 1904.   The appellant evidently intended to have this court try this case anew; but it is not an action, within the meaning of section 7229, Rev. Codes 1905, and his statement of the case contains no specifications of error, we cannot consider the evidence contained in the statement, but can only determine whether the judgment is sustainable from a consideration of the judgment roll.   Section 7229, Rev Codes 1905, only provides for the trial anew by the Supreme Court of actions.   It does not include special proceedings, and there is a wide distinction between the two.   This court has already held that contempt cases are not included in section 7229; and they are at least analogous to mandamus proceedings, and have often been held to be special proceedings.   Township of Noble v. Aasen, 10 N. D. 264, 86 N. W. 742.   This court has also held that a disbarment proceeding is a special proceeding.   In re Eaton, 7 N. D. 269, 74 N. W. 870.   The Code defines actions and special proceedings. Remedies in the courts of justice are divided into (1) actions and (2) special proceedings.   Rev. Codes 1905, section 6741.   An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the protection or enforcement of a right, redress or prevention of a wrong, or the punishment of a public offense.   Rev. Codes 1905, section 6742.   Every other remedy is a special proceeding.   Rev. Codes 1905, section 6743.   Chapter 41 of the Revised Codes of 1905 is entitled "Special Proceedings of a Civil Nature," and includes under article 3 the subject of "Writ of Mandamus."

It appears that the relator was elected, qualified, and acted as superintendent of schools of Ward county during the years 1901 and 1902; that at the general election held in November, 1902, in that county, one Flora J. Frost was elected to such office, and on or

about the 5th day of January, 1903, filed with the county auditor her official oath and bond, with sufficient sureties, as required by law, and thereupon demanded of the relator the delivery to her of the office and supplies of said county superintendent of Ward county, which demand was refused by this relator, and neither the office nor the supplies pertaining thereto were ever delivered to her, and she never performed the duties of the office. About the 8th day of December, 1902, Bickford, the relator, in this proceeding, on his own motion instituted in the dictrict court of Ward county a statutory contest of election against said Frost, to which she duly made answer, and trial was had and judgment rendered and entered by the district court of Ward county on the 2d day of November, 1903, adjudging that Flora J. Frost, the defendant in that proceeding, was not a qualified elector of Ward county at the time of holding the general election in said county in the month of November, 1902, and that she was not eligible to any office in the county and state at that time, and was not entitled to a certificate of election for the office of superintendent of schools of said county for the term beginning January 6, 1903, and the judgment permanently enjoined and restrained the county auditor of Ward county from issuing a certificate of election to her, and awarded the contestant in that proceeding, who is also the relator here, costs. From such judgment the defendant appealed, and her appeal was dismissed for want of prosecution.

Subsequent to the 6th day of January, 1903, Miss Frost made application for a writ of mandate directing this relator to deliver possession of the office, its records, and supplies to her, and on the 2d day of March, 1903, judgment was rendered and entered in the district court of Ward county whereby it was adjudged that a peremptory writ of mandamus issue out of said court directing the defendant in that action, the relator in this, to forthwith surrender and deliver to said Flora J. Frost, said office. An appeal was perfected from said judgment to the Supreme Court, which appeal was on the 7th day of November, 1903, dismissed for want of prosecution.

It is so well settled that a mandamus proceeding is not the proper proceeding by which to determine who is entitled to an office or by which to contest an office that no citation of authorities is necessary The mandamus proceeding of Miss Frost having been instituted, and judgment having been entered therein, and an appeal taken therefrom while the contest proceedings were pending against her, and such contest proceedings being the statutory method of deter-

mining who is entitled to an office, the judgment in the mandamus proceeding did not in any sense determine who was entitled to the office, and this fact was evidently recognized by all parties, because Bickford filled the office and performed the duties thereof during the term beginning January 6, 1903. Only two questions are involved in this case, as disclosed by the record. The first is whether the relator was the superintendent of schools of Ward county during the years 1903 and 1904; and the second, if he was, is he entitled to the salary affixed to such office for such years?

Section 764, Rev. Codes 1905 (section 638, Rev. Codes 1899), provides that there shall be elected in each organized county, at the same time other county officers are elected, a county superintendent of schools, whose term of office shall be two years, commencing on the first Monday in January following the election, and until his successor is elected and qualified. Under this provision of the statute it appears clear that it provides, not simply for a term of two years, but for two years and any additional time which may elapse before a successor is elected and qualified. The duly elected and qualified superintendent, after the expiration of the two years from his entering upon the duties of the office, unless a successor was duly elected and qualified, was entitled to occupy the office and perform its duties with precisely the same force and effect as though he himself had received the new certificate of election and qualified anew. That this is the law is well established by a vast number of authorities. Under a statute like ours, holding over pending the election and qualification of a successor is as much a part of the term of office to which the superintendent is elected as are the first two years, where he continues in office. Baker City v. Murphy, 30 Or. 405, 42 Pac. 133, 35 L. R. A. 88; State v. Benedict, 15 Minn. 198 (Gil. 153); People v. Tilton, 37 Cal. 614; State v. Howe, 25 Ohio St. 597, 18 Am. St. Rep. 321; Fylpaa v. Brown County, 62 N. W. 962, 6 S. D. 634; State v. Smith et al., 94 Iowa, 616, 63 N. W. 453; Badger v. U. S., 93 U. S. 599, 23 L. Ed. 991; State v. Marr, 68 N. W. 8, 65 Minn. 243; Richards v. McMillan, 36 Neb. 352, 54 N. W. 566; Kimberlin v. State (Ind.), 30 Am. St. Rep. 208, and note; Taylor v. Sullivan (Minn.), 22 Am. St. Rep. 729, and note. Unquestionably this statute was enacted with a view to preventing the office of superintendent of schools from becoming vacant during any part of the time, and unquestionably it means just what it says

—in effect that one, once lawfully elected and qualified, continues to hold the office until his successor is elected and qualified.

The statutory contest between these parties and the judgment entered therein determined that Miss Frost could not hold the office, and the findings and judgment in this case determine that this relator continued to hold the office and perform the duties of county superintendent of schools during the years 1903 and 1904, and this question of fact cannot be re-examined in this court on this appeal. It would seem that it must necessarilly follow that, as he was the superintendent de jure and the superintendent de facto during the years 1903 and 1904, the salary fixed by law for the incumbent of that office must go to him. This is so firmly established by authority that it cannot be questioned. Some authorities even go so far as to hold that, where the de facto officer has been paid the salary, it is no defense in a proceeding on behalf of the de jure officer for the recovery of the salary. Fylpaa v. Brown Co., 62 N. W. 962, 6 S. D. 634; State v. Carr (Ind.), 28 Am. St. Rep. 163; Andrews v. Portland (Me.), 10 Am. St. Rep. 280, and note.

The legal salary of the superintendent of schools for Ward county in the years 1903 and 1904 was $1,500 for one year and $2,000 for the other. The district court found that the relator is entitled to interest, and included it in its judgment. The appellant contends that the judgment provides for more than the relator is entitled to. We are unable to ascertain, from the findings and judgment, whether the amount named is correct, as the dates and methods of computation are not shown in the findings; but they will be presumed to be correct. In any event, the apellant had the opportunity, if a mistake was made in the computation, to call the attention of the district court thereto and have it corrected, where it could readily be done, instead of waiting to first call attention to it in the appellate court.

We are of the opinion that the judgment of the district court should be affirmed. It is affirmed. All concur.

Judge TEMPLETON, of the First judicial district, sitting in place of FISK, J., disqualified.