STATE, EX REL. THOMAS SHAW, APPELLANT, V. ANDREW ROSEWATER, APPELLEE.

FILED JULY 12, 1907. No. 15,186.

1. **Cities: OFFICER: FAILURE OF SUCCESSOR TO QUALIFY.** The city engineer of a city of the metropolitan class holds the office until his successor is elected and qualified. The failure to qualify by one who has been appointed as his successor by the mayor and confirmed by the council, but who has not taken possession of the office and entered upon the discharge of its duties, does not render the office vacant. Upon such failure to qualify the incumbent may qualify anew under section 17, ch. 10, Comp. St. 1905.

2. ——: ——: ——. When it is the duty of the mayor to appoint an officer and he fails to do so, the council may elect; but this power of the council does not exist when one who has been appointed by the mayor and confirmed by the council fails to qualify, there being an incumbent to hold over until his successor is elected and qualified. In such case the incumbent may qualify anew, and takes the office for the succeeding term.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*John P. Breen, W. H. Herdman* and *B. S. Baker,* for appellant.

*Byron G. Burbank, contra.*

SEDGWICK, C. J.

The district court for Douglas county denied the application of relator for a peremptory writ of mandamus, requiring the respondent to give him possession of the office of city engineer of the city of Omaha and of the records of said office. The relator has appealed to this court.

His claim to the office rests upon an election thereto by the city council without the concurrence of the mayor. Mr. Rosewater, the respondent, was duly appointed to that office in 1903 for the term which is fixed by statute at three years. His term of office under this appointment ended on the 3d Monday after the election in May, 1906, upon the appointment and qualification of his successor. In due time after his term had expired, the mayor of the city submitted to the council the reappointment of Mr. Rosewater to the office for the succeeding term. This appointment was rejected by the council, and, having been again submitted by the mayor and again rejected, the mayor appointed one Jesse Lowe to the office, and that appointment being submitted to the council was duly confirmed. Mr. Lowe refused to accept the office and failed to qualify. After the expiration of 30 days Mr. Rosewater qualified anew as city engineer under the statute, which provides: "When the incumbent of an office is reelected or reappointed he shall qualify by taking the oath and giving the bond as above directed; but, when such officer has had public funds or property in his control, his bond shall not be approved until he has produced and fully accounted for such funds and property; and when it is ascertained that the incumbent of an office holds over by reason of the nonelection or nonappointment of a successor, or of the neglect or refusal of the successor to qualify, he shall qualify anew within ten days from the time at which his successor, if elected, should have qualified." Comp. St. 1905, ch. 10, sec. 17. It is provided in section 77, ch. 12a, Comp. St. 1905: "If the mayor

shall neglect or fail to make any of the appointments herein designated to be made at and within the time herein specified, then the city council shall be and is hereby empowered to fill such offices by election, a majority of the entire council, being requisite to elect such officer." Under this provision the city council proceeded on the 9th day of April, 1907, to elect the relator to the office. If a vacancy existed at the time of this action of the council, and the mayor neglected or failed to make an appointment, the council had power under the statute above quoted to elect the relator, and he is now entitled to the office. Under the statute this is an appointive office. When Mr. Rosewater's term ended in 1906, it was the duty of the mayor and council to select the officer for the succeeding term of three years. This was done by the appointment and confirmation of Mr. Lowe, the attempt to appoint Mr. Rosewater for the succeeding term having failed. When Mr. Lowe failed to qualify, and the mayor neglected to make another nomination, the city council could elect an engineer to fill the vacancy, if a vacancy existed.

The relator contends that there was then a vacancy in the office. He relies upon section 87, ch. 12a, Comp St. 1905, governing metropolitan cities, as amended in 1905. It is as follows: "If any person elected or appointed to any city office shall neglect, fail, or refuse, to have his official bond executed and approved as required by law, and filed for record within the time limited by this act, his office shall thereupon *ipso facto* become vacant and such vacancy shall thereupon be filled by election or appointment as the law may direct in other cases of vacancy in the same office." This section is a substantial reenactment of section 15, ch. 10, Comp. St., the general statute entitled "Bonds and Oaths—Official." Before this section was made a part of the statute governing cities of the metropolitan class by the act of 1905, it had been construed by this court in *State v. Boyd*, 31 Neb. 682, 734, where it was said: "The provisions of section 15

were not intended by the legislature to apply to a case where the incumbent of an office holds over on account of the failure to elect a successor, but have reference to cases where the person elected to a public office has never taken the oath and given the bond required by law, and who has never entered upon the discharge of the duties of the office.  Hold-over officers are governed and controlled by section 17 above quoted." Section 17 referred to in that opinion is section 17, ch. 10, Comp. St. 1905, which we have already quoted in full.  The statute governing cities of the metropolitan class provides: "The general laws of the state governing public officers, so far as applicable, shall govern and fix the qualifications and the liability of sureties, the penalties for failure to give bonds, the bonds of persons appointed to fill vacancies or the bonds to be given by officers reappointed, reelected, or holding over." Comp. St. 1905, ch. 12a, sec. 88.

Sections 15 and 17 of the general statute referred to may therefore be considered as reenacted in the act of 1905 with the construction that had already been given to those sections by this court.  If an officer holds over under the provisions of section 17 he holds for the next succeeding term.  *Richards v. McMillin,* 36 Neb. 352.  It may be that if he were reelected or reappointed and failed to qualify, or if upon the nonelection or nonappointment of a successor, or the neglect or refusal of the successor to qualify, he should fail to qualify anew, as provided in the statute, he would under such circumstances bring himself within the provisions of section 15.  It was unnecessary to decide in *State v. Boyd, supra,* that under no circumstances could the provisions of section 15 apply in such case.  What the court there intended to hold was that, "where the person elected to a public office has never taken the oath or given the bond required by law," it is his right to the public office which becomes vacant thereby, and no doubt, if he had taken possession of the office and entered upon the discharge of the duties thereof, so that there would be no other incumbent, the office itself would

become vacant by his neglect to qualify. But, where a person so elected has never taken possession of the office nor entered upon the discharge of the duties thereof, his neglect to take the oath does not forfeit the right of the incumbent. The incumbent's rights are regulated by section 17, *supra,* of the act. This view is in harmony with the general election law. Comp. St., ch. 26. Section 101 of that act specifies several "events" upon the happening of which a civil office shall become vacant, among which are: "A failure to elect at the proper election, there being no incumbent to continue in office until his successor is elected and qualified, nor other provisions relating thereto." This provision contemplates that an office shall not become vacant for failure to elect a successor, if there is an incumbent to continue in office until his successor is elected and qualified.

It is argued that, as Mr. Rosewater's term to which he was appointed had expired, it was the duty of the mayor to nominate a successor, who upon confirmation by the council would qualify, and as Mr. Lowe failed to qualify, this duty of the mayor continued, so that his failure to make another nomination devolved upon the council the duty to elect Mr. Rosewater's successor under sections 77 and 79 of the act. Comp. St., ch. 12a. This is not the meaning of section 17 above quoted. It does not apply to elective officers alone. An incumbent of the office holds over by reason of the nonappointment of his successor by the terms of the statute. This language makes section 17 applicable to appointive as well as to elective officers, and, if the successor who is regularly appointed and confirmed by the council neglects or refuses to qualify, the incumbent may qualify anew; and by section 79 it is only when the council refuses to confirm the appointment by the mayor that he is authorized to make another appointment. At the time that the city council attempted to elect the relator to this office, Mr. Rosewater was an incumbent of the office, and by the express provision of the statute was "to continue in office until his successor is

elected and qualified." "Hold-over officers are governed and controlled by section 17 above quoted." *State v. Boyd, supra.* Mr. Rosewater was clearly a hold-over officer, and, as such, within the meaning of section 17 as above construed, his right to "qualify anew" is declared in that section.

This disposes of the case, and requires us to deny the writ. It is therefore unnecessary to discuss the question so ably presented as to the propriety of proceedings in mandamus in a case like this.

The judgment of the district court is

AFFIRMED.