JOSEPH WULFKUHL, Respondent, v. E. GALEHOUSE, P. A. Johnson, and Will Workman, School Board of Donnybrook School District, Appellants.

(168 N. W. 620.)

**Schools — school buildings — establishment of — petition for — signers of — parents or persons — qualifications of signers.**

1. A petition filed with a school board for the establishment of a school and the construction of a school building examined and *held* to be a valid petition and to have been signed by residents of the school district who were parents of or persons charged with the support and having the custody and care of the requisite number of children of school age to entitle said residents to sign such petition.

**Children of school age — requisite number and residence.**

2. The number of children of school age named in the petition was fifteen, ten of which were of school age and lived within said school district, and not less than 2½ miles from any other school in the school district. Such being the case, petition was sufficient and the petitioners were entitled to the relief asked for in such petition.

**Other school district — school building in — proximity of — to residence of signers — not sufficient reason for refusing relief — petition sufficient.**

3. The fact that there may be another school and school building in another school district less than 2½ miles from the residence of the children whose names appear upon the petition is not sufficient reason for the refusal to grant the relief asked for in the petition, for such other school districts could not be compelled to admit to *its* school the children whose names appear upon the petition under consideration.

Opinion filed July 19, 1918.

Note.—For authorities discussing the question as to who may petition in relation to school matters, see note in 43 L.R.A. (N.S.) 293, where it is held that persons who are enumerated in other districts are not patrons of the school to which their children are transferred, within the meaning of § 6417, Burns's Anno. Stat. 1908, which requires the petition for change and relocation of a school building to be signed by a majority of the patrons of the school, who have made satisfactory proof that they are actually the parents, guardians, or custodians of children of school age living within the district.

Appeal from the District Court of Ward County, North Dakota, Honorable *K. E. Leighton,* Judge.

Affirmed.

*Ben E. Combs,* for appellants.

The petition was wholly insufficient and the school board had no jurisdiction. A nonresident of the district is not a proper signer of the petition. Comp. Laws 1913, § 1188.

It is the duty of said board to ascertain whether the prerequisites to jurisdiction exist. 146 N. W. 727.

*George A. McGee (E. B. Goss,* of counsel), for respondent.

Because the statement of the case contains no assignment of errors, the court is without power to examine it. State ex rel. Bickford v. Fabrick, 16 N. D. 94.

A mandamus proceeding is not an action. It is a special proceeding, not triable anew in the supreme court. Rev. Codes 1905, §§ 6741–6743, 7229; Comp. Laws 1913, §§ 7329–7331, 7846.

The mere fact that there is a school building within the required distance in another school district is not a sufficient reason for denying a proper petition of legal signers for the establishment of a school building within their own district. The other school district could not be compelled to admit to its school children residing in another district. State v. Mostad, 158 N. W. 349.

GRACE, J. Appeal from the district court of Ward county, North Dakota, Honorable K. E. Leighton, Judge.

This appeal is from the order of the court granting an alternative writ of mandamus upon the hearing of the petition for the issuance of such writ. This proceeding was brought to compel the officers of Donnybrook School District No. 24 to establish and maintain a school, and to erect a schoolhouse in the southwest corner of township 150, range 87, Ward county, North Dakota, the lines of the school district in question being coextensive with the township lines.

The petition filed with the school board for the establishment of said school and the building of the school building was signed by six purported residents of such school district, and the names and number of children of school age were set forth in the petition. The petition filed with the school board contains the names of fifteen children of school

age. It appears that the school board rejected the petition filed with it for the establishing of said school and the building of the schoolhouse, and such school board, in its answer to the petition for writ of mandamus, claimed that the board ascertained from investigation that there were but eight children of school age legally upon the petition filed with the school board, and that King lived in the village of Donnybrook, within a few blocks of the established school therein, and that Bland lived in the village of Aurelia, and that the children under his custody and care were attending the established school in that village. The answer admits that the four Halden children and the four Wulfkuhl children, whose names were upon such petition, lived more than $2\frac{1}{2}$ miles from the school in said district. The petition was also signed by C. R. Bland. If he were a person charged with the support and having the custody and care of some children of school age, and it does appear that he had two children of school age, and resided in the school district at the time of the signing of the petition, then he would have legal right and it would be proper for him to sign the petition.

There were no specifications of error in this appeal, and this being true, it would seem that this court can review nothing excepting the judgment roll. If we confine ourselves strictly to the judgment roll we must hold that it amply sustains the findings of fact of the trial court and its order made thereon, but even if we consider the testimony as found in the transcript, we think it fully sustains the trial court. Testimony shows that Mr. Bland lived in the district at the time he signed the petition. He had two children of school age, and these with the four Halden and four Wulfkuhl children would be ten children, whereas only nine are required in the petition. The qualifications necessary to sign such petition for establishing a new school and the building of a new schoolhouse are that the petitioner is a resident of the school district and is charged with the support and having the custody and care of a child or children of school age who lives not less than $2\frac{1}{2}$ miles from the nearest school. The petition is sufficient after it is signed by persons having these qualifications at the time such petition is signed and filed with the school board.

We think there is no question from all that can be ascertained from the judgment roll that the petitioners had shown themselves entitled to the establishment of a school and the building of a school building

as prayed for in their petition; and though the testimony is not entitled to be considered by reason of no assignments of error having been made, yet, notwithstanding this, giving full credit to all the testimony contained in the transcript, we are clear that such testimony fully and clearly establishes the right of such petitioners to have said school established and said school building built, even though it be conceded that the petitioner Ribb was not a resident of the school district at the time he signed the petition, and conceded that he should be excluded as a proper signer; but even if Ribb's name is excluded from the petition, there still remain sufficient children of school age who are more than 2½ miles from the school to entitle the petitioners to the relief asked for in their petition.

The fact that there may be another school building in another school district less than 2½ miles from the residence of the children in question avails nothing. The children in question, by securing permission, might attend a school in another district, but such other district could not be compelled to admit them. See State ex rel. Johnson v. Mostad, 34 N. D. 330, 158 N. W. 349.

The order appealed from is affirmed, with costs.

CHRISTIANSON, J. (concurring specially). Under the rule laid down in State ex rel. Bickford v. Fabrick, 16 N. D. 94, 112 N. W. 74, this court cannot consider the sufficiency of the evidence in this case, but the facts found by the trial court must be accepted as correct. No error appears upon the judgment roll, and the facts found by the trial court justify the decision which is made. Hence, that decision should be affirmed.

ROBINSON, J. (dissenting). This is a mandamus proceeding to compel the officers of a township school district to erect a schoolhouse and to establish and maintain a school in the southwest corner of the township. It is brought under Laws of 1911, chap. 166, § 82, Comp. Laws, § 1188. The statute is to the effect that on a certain petition showing that nine or more children of school age resided more than 2½ miles from the nearest school, the school board shall, within 2½ miles from the residence of the children, lease or construct a schoolhouse, and therein establish and maintain a school with a competent teacher.

The answer of the board is that only eight of the children reside more than 2½ miles from the nearest schoolhouse in the district, and that those children are well provided for by free admission to a school within 2½ miles of their residence, and that answer is true. The school board appeals from a judgment against them. The school township consists of thirty-six sections. It is crossed diagonally by two railroads. One school is on section 14, in the village of Donnybrook, and the other on N. W. quarter of section 34 in the village of Aurelia, on the Soo Railroad. This town is only 3 miles from the western limit of the township, so the eight or nine children of the district are well supplied with two good village schools within 2 or 3 miles of them, and with free tuition at another school within 2½ miles of them.

When the petition was heard several of the eight or nine children were living in the villages and going to the village schools on the railroads. This they might well do, even if they had a school within a mile of them. The petition is a little defective in that it fails to show the tract of land on which either or any of the children resided. The chances are that by a straight-line measurement they do not reside more than 2½ miles from the village of Aurelia, and also that the parents of these children would pay but a small part of the expense of constructing and maintaining a special school for them.

Certain it is that on the hearing of such petition the school board must have had some discretion, and in this case it appears they used their discretion wisely. If a schoolhouse had been constructed at an expense of $1,200 and a teacher employed at $600 a year, it is probable the school would not have had more than an average daily attendance of six pupils. Then there is no showing that the school district was in a position to incur and pay an additional expense of $1,800. Mandamus is not a writ of right. It should issue only when the facts and circumstances make a strong appeal to equity. It issues to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station. It does not issue to compel performance of an act which is in any way discretionary, unless in case of a gross and manifest abuse of the discretion. Hence, the writ should be denied and judgment reversed.