## BLACK *v.* BRINKLEY.

Decided April 4, 1891.

1. Certiorari—*Parties.*

A writ of *certiorari* to quash an order of annexation of territory to a town or city, which was granted upon the petition of owners of the annexed territory, will be refused unless such owners, or the person or persons named in their petition as authorized to act on their behalf, are made parties to the proceeding.

2. *Laches in applying for* certiorari.

The writ of *certiorari* will be refused when the party seeking it fails to show that he has proceeded with due expedition after discovering that it was necessary to resort to it. Accordingly it was refused where the application was made eight months after the order of annexation was made, where no excuse for the delay was offered, and where great confusion would result from a quashal of the writ.

APPEAL from *Monroe* Circuit Court.

M. T. SANDERS, Judge.

Black and another, on the 24th of February, 1888, made application for a writ of *certiorari,* upon notice served upon the mayor and recorder of the town of Brinkley, The petition alleged that, on the 9th day of May, 1887, forty-three persons presented a petition to the county court of Monroe county, praying the court to annex certain territory therein described to the town of Brinkley; that said petition prayed that territory on the north, south, east and west of the town of Brinkley be annexed thereto; that nearly all of the

signers to the petition lived in the territory lying west and south of said town ; that the owners of the land on the east and north of the town did not join in the petition, and a majority of them did not wish to have their lands annexed to the town ; that appellants owned a large part of the territory sought to be annexed to the town ; that, on the filing of said petition, the county court fixed the 13th day of June, 1887, as the time for hearing the same, and the mayor's office in said town of Brinkley as the place; that, on said 9th day of May, 1887, the county court adjourned to court in course ; that, notwithstanding the court was adjourned for the term, the county judge caused John T. Box, who had been named in said petition as petitioners' agent, to give notice by publication in the Brinkley *Argus*, a newspaper published at Brinkley, that the court would be held on the 13th day of June, 1887, at the office of the mayor of the town of Brinkley, for the purpose of considering said petition; that, on said 13th day of June, 1887, the county judge, with the county clerk and a deputy sheriff, did assemble at the office of the mayor of the town of Brinkley, and pretended to hold a session of the county court, and granted the prayer of petitioners, and declared the territory described in said petition to be annexed to the town of Brinkley; that on the 16th day of June, 1887, the county clerk notified the council of the town of Brinkley of the action of the county judge, and, on the 22d day of June, 1887, the council by resolution accepted said territory as a part of the town. Wherefore, they prayed that a writ of *certiorari* be issued, directing the county clerk to certify to the court all the papers, records and proceedings in connection with the matter, and that the order of annexation be quashed.

The town of Brinkley appeared by counsel and answered the petition.   It denied that a majority of the owners of the land on the north and east did not join in the petition for annexation, and denied that the county court adjourned on May 9th till court in course, but alleged that it adjourned to

meet on June 13th at the mayor's office in Brinkley. The subsequent proceedings were admitted to be as alleged.

The record of the proceedings of the county court on the 9th day of May shows the filing of the petition for annexation, and the fixing of June 13th for the hearing, and then the adjournment of the court until court in course. Affidavits were introduced showing that a majority on the north and east parts of the territory annexed did not petition for annexation.

Upon the petition and answer and accompanying affidavits, the court found against petitioners and denied the relief sought.

*Price & Parker* for appellants.

*Sanders & Watkins* for appellee.

**1. Parties necessary to *certiorari* proceeding.** COCKRILL, C. J. The order of annexation which the appellant seeks to quash upon *certiorari* was made by the county court upon the petition of owners of the annexed territory. They were parties in interest and parties to the record which the appellant sought to annul. There could be no legal determination therefore of their right to annexation without making them parties to the proceeding, or at least without making the person a party whom they had selected, in accordance with the statute governing such cases, to prosecute the petition for annexation in their behalf. As none of the petitioners nor the agent was a party to the proceedings for *certiorari*, the court did not err in refusing to quash the order of annexation. *Haines* v. *Freeholders of Camden*, 47 N. J. L., 454; see *Smith* v. *Parker*, 25 Ark., 518, 522.

**2. Laches.** Moreover, the appellant delayed for more than eight months after the order of annexation was made before filing the petition to annul it. No excuse is offered for the delay. If the circuit court had acted upon the petition at the next term after its presentation, the lapse of time would have been such that it is fair to presume that jurisdiction had been assumed by the municipality over the annexed

territory with whatever of expense is necessarily incident thereto, that taxes had been assessed and paid for municipal purposes, and that the citizens residing within the annexed territory had participated in electing town officers. Great confusion would have arisen from a quashal of the order. It is now nearly four years since the territory was declared a part of the town, and the causes for confusion have multiplied as time has elapsed. We should therefore be slow to hold that the circuit court had abused its discretion in withholding the use of the writ, and slower in exercising that discretion ourselves at this time. The rule is to refuse the writ where the party seeking it fails to show that he has proceeded with expedition after discovering that it was necessary to resort to it, and especially where great public inconvenience will result from its use. *Burgett* v. *Apperson,* 52 Ark., 221; *Fractional School Dist.* v. *Inspectors,* 27 Mich., 3.

The State itself by acquiescence may be debarred of the right to question the legality of the origin of a municipality, even when it was organized under an order of court that is void for want of jurisdiction of the subject matter. *State* v. *Leatherman,* 38 Ark., 81. The reasons which uphold the right of municipal existence in such a case are a sufficient answer to the petitioners' arguments to cast out the territory annexed by the order of the county court in this case.

Affirm.