SUMEROW *v.* JOHNSON.

Opinion delivered April 9, 1892.

*Certiorari to quash order of county court—Practice.*

> A judgment of the circuit court refusing on certiorari to quash an order of the county court directing an election for a change of county site will not be reversed on appeal where petitioners show no excuse for not becoming parties and prosecuting an appeal from the proceedings in the county court, where evidence introduced in the circuit court was not brought up by bill of exceptions, and where the judgment of the county court discloses no jurisdictional defect.

Appeal from Cleveland Circuit Court.

CARROLL D. WOOD, Judge.

*Bunn & Gaughan* for appellants.

*Met L. Jones* for appellee.

Certiorari cannot be used as a substitute for appeal. It is not a writ of right, but one of discretion. 44 Ark. 509 ; 28 *id.* 87 ; 43 *id.* 33 ; 39 *id.* 399. Errors or irregularities can be cured only by appeal. 30 Ark. 148 ; 35 *id.* 99.

COCKRILL, C. J. This is a petition to the circuit court of Cleveland county for a certiorari to quash the order of the county court directing an election for a change of the county site of that county from Toledo. The court denied the use of the writ. Several irregularities in the proceeding of the county court are sought to be enquired into.

I. The court was justified in refusing to consider the questions, for several reasons :

(1.) The petitioners are not shown to have been parties to the proceedings they sought to quash. *Black*

v. *Brinkley*, 54 Ark. 372; *Burgett* v. *Apperson*, 52 *id.* 213.

(2.) If their interest in the proceeding was properly established, they show no excuse for not prosecuting an appeal. *Burgett* v. *Apperson*, 52 Ark. *sup.*

(3.) If both of these objections were out of the way, the court's action would still be right, because the writ of certiorari is not granted as of course, even at the suit of one whose right of appeal has been lost without laches. If public inconvenience would result from quashing the judgment complained of, the court may deny the writ. *Black* v. *Brinkley*, 54 Ark. 372; *Moore* v. *Turner*, 43 *id.* 243.

A party may be estopped by acquiescence from questioning a judgment void for want of jurisdiction. *Black* v. *Brinkley*, 54 Ark. 372; *Moore* v. *Turner*, 43 *id.* 243; *State* v. *Leatherman*, 38 *id.* 81.

The court to which the application for the writ is made may hear testimony *dehors* the record to determine whether it is unwise to grant the use of the writ. *Burgett* v. *Apperson*, 52 Ark. *sup.*

In this case testimony was heard by the circuit court for that purpose, but it was not preserved by bill of exceptions, and it is not therefore presented for our consideration. Affidavits, copies of records used as evidence and depositions do not become part of the record in a law case, except through the medium of a bill of exceptions.

About two years after the order for the election was made, this petition for certiorari was presented. An election upon the question of change of the county site had been held by virtue of the order; a second election to settle which of two places should be the county site was subsequently held; a contest was had in the county court as to which of the two had received the highest number of votes at the second election; and, on appeal, a trial *de novo* of the same issue had been determined in

the circuit court before Toledo assumed its present attitude. That much we can ascertain from the record. We need not stop to speculate as to what additional state of facts in the way of expenditures made by the county in providing a new court house and jail, the change of the county officers from the old site to the new, and other changes the county court was authorized to make, may have been proved to the satisfaction of the court by the evidence considered by it at the trial and not preserved by bill of exceptions. If anything were needed beyond the facts furnished by the record proper to justify the action of the court, the presumption is it was furnished by the evidence considered at the trial and not preserved as part of the record.

II. The judgment of the county court ordering the election discloses no jurisdictional defect. It shows that petitions, such as the statute requires, were presented to the court to put in motion the machinery for a change of the county site, and that the court found, upon evidence adduced at the hearing, that each petition contained the requisite number of votes. The court's jurisdiction to make the order of election therefore attached; and if it be conceded that it erred in the exercise of its jurisdiction, the errors would not render the order void. But as the discovery of errors can now be of no benefit to the appellants, we decline to follow the argument of counsel for the purpose of detecting them.

Affirm.