JOSEPH WEIDERHOLT and H. J. Geisler, Appellants, v. LISBON SPECIAL SCHOOL DISTRICT No. 19, the Board of Education of Lisbon Special School District No. 19, W. F. Grange, A. M. Kvello, T. A. Curtis, A. C. Cooper, C. D. Clow and W. S. Adams, Respondents.

(178 N. W. 432.)

**Schools and school districts — delay of three years held laches precluding assertion of invalidity of annexation proceedings.**

A school board entered an order of annexation under § 1240, Comp. Laws 1913, and all parties concerned acquiesced in the order for a period of nine months; thereafter one who had signed the petition and another whose complaint is based wholly on increased taxes brought an action to set aside the order of annexation and recover taxes paid; without sufficient excuse the plaintiffs delayed the prosecution of their suit so that a demurrer was not disposed of for more than a year and a half, and a trial on the merits was not had until more than three years had elapsed after the bringing of the action, during which time there was a settlement of assets and liabilities between the school districts affected, the defendant district making levies and collecting taxes, supplying school accommodations; providing transportation for pupils, and disposing of useless property; it is *held:*

Plaintiffs have been guilty of such laches as preclude them from asserting the invalidity of the annexation proceedings.

Opinion filed May 20, 1920.   Rehearing denied June 22, 1920.

Appeal from District Court of Ransom County, *Butts,* J., sitting at the request of *Allen,* J.

Affirmed.

*M. O. Thompson* and *Chas. S. Ego,* for appellants.

A petition with the statutory number of signers is a mandatory prerequisite. Stephens v. Jones (S. D.) 123 N. W. 705; West End v. State (Ala.) 36 So. 423; Borchard v. Ventura County (Cal.) 77 Pac. 708; People v. Stratton (Colo.) 81 Pac. 245; People v. Pike (Ill.) 64 N. E. 393; Atty. Gen. v. Rice, 31 N. W. 203; Yard v. Ocean Beach (N. J. L.) 5 Atl. 142; State v. Jenkins (Mo.) 25 Mo. App. 484; Kaiser v. Lawrence (Iowa) 8 N. W. 772; McGarahan v. Mining Co. 96 U. S. 316; Page v. Board, etc. (Cal.) 24 Pac. 607; People v. Linden (Cal.) 40 Pac. 115; Re Taylorport (Pa.) 13 Atl. 224; Dartmouth Sav. Bank v. School Dist. 6 Dak. 332.

After the petition had been signed by all but two persons one of the members of the defendant board unlawfully added more territory. This act rendered the petition void as to those whose lands were affected by such charge, and as to all petitioners. White v. Hass (Ala.) 70 Am. Dec. 548 and note; Inglish v. Breneman (Ark.) 41 Am. Dec. 96; Walsh v. Hunt (Cal.) 53 Pac. 115; Ins. Co. v. Martindale (Kan.) 88 Pac. 559; Bacon v. Hooker (Mass.) 58 N. E. 1078; Erickson v. Bank (Neb.) 62 N. W. 1078; Newman v. King (Ohio) 43 N. E. 683; Bank v. Mullen (Okla.) 120 Pac. 257; State ex rel. Merriweather v. Campbell (Mo.) 25 S. W. 392.

Notice in the form and manner prescribed by § 1240, Comp. Laws, is a prerequisite to complete annexation. Unless this is done the board does not obtain jurisdiction. State v. Schols (Kan.) 20 Pac. 523; State v. Lentton (Iowa) 5 N. W. 613; Butterfield v. School Dist. 61 Me. 583; Coulter v. School Dist. (Mich.) 26 N. W. 649; Howard v. Forester (Ky.) 59 S. W. 10; Hyser v. Township Board (Mich.) 91 N. W. 1020; State v. Steele (Wis.) 82 N. W. 295; Gentle v. School Inspectors (Mich.) 40 N. W. 928.

There is a distinction between acts complete and incomplete. Price v. Fargo, 18 N. D. 296.

It is not mere matter of lapse of time, but change of situation during neglectful repose, rendering it inequitable to afford relief. O'Brien v. Wheelock (U. S.) 46 L. ed. 627; Goss v. Herman, 20 N. D. 295; 2 Pom. Eq. Jur. p. 917; Wilson v. Auger (Ill.) 52 N. E. 289; Manning v. Mulrey (Mass.) 78 N. E. 551; Smith v. Linder (S. C.) 58 S. E. 610; Foote v. Harrison (Wis.) 119 N. W. 291; Shiffer v. Morien

(Pa.) 74 Atl. 426; Foote v. Hambrick (Miss.) 35 Am. St. Rep. 631 and note; Erickson v. Bank (Neb.) 62 N. W. 1078.

Annexation is an arbitrary power, the delegation of such power is always strictly construed, with all doubts resolved against the recipient of that power. Ster v. Fargo, 18 N. D. 289; 19 R. C. L. Municipal Corporations, ¶ 75, note 8.

*Kvello & Adams,* for respondents.

The following cases hold that laches is not a mere matter of time, but principally a matter of inequity, in permitting the claim to be enforced founded upon some change in the conditions or relations of the parties. Greenfield School Dist. v. Hannaford Special School Dist. 20 N. D. 393; State ex rel. Frish v. Nohle, 16 N. D. 168; Sherer v. Hutterische Bruder Geminde (S. D.) 134 N. W. 63.

An estoppel may arise from laches covering a period of time shorter than that prescribed by suit. Kennedy v. McKenzie (S. D.) 127 N. W. 597.

When a person with actual or constructive knowledge of the fact induces another by his words or conduct to alter his position, such person is estopped from repudiating the transaction to the other's prejudice. McDonald v. Beatty, 10 N. D. 511; 16 Cyc. 791, 792; 2 Pom. Eq. Jur. § 809.

BIRDZELL, J. This is a second appeal in an action to enjoin the defendants from asserting jurisdiction over and levying and collecting taxes upon certain territory that had been annexed to the defendant school district; also to recover taxes paid. The first appeal was from an order sustaining a demurrer to the complaint, and it was held that the complaint stated a cause of action. See Weiderholt v. Lisbon Special School Dist. 41 N. D. 146, 169 N. W. 809. After the reversal of the order sustaining the demurrer, the defendants answered, impleading Tuller school district No. 25 and Island Park school district No. 13, as municipal corporations, from which the attached territory included in the defendant district under the annexation proceedings had been severed. The defendants then pleaded by way of defense the proceedings had for the purpose of annexing the territory in question to the Lisbon school district, the tax levies made and spread against the annexed territory for the years 1915, 1916, 1917, and 1918, and the

laches of the plaintiffs in the commencement and prosecution of this action.   This is an appeal from a judgment of dismissal and for costs. The facts necessary to an understanding of the questions presented upon this appeal may be briefly stated as follows:

The school district of the city of Lisbon is known as special school district No. 19, and, prior to the annexation proceedings in question, it embraced only the territory within the corporate limits of the city of Lisbon.   Lisbon is located in the northern part of Island Park township, there being a narrow strip of the territory of such township lying between the city of Lisbon and Tuller township, which lies immediately north of Island Park township.   Island Park and Tuller townships form common-school districts of Ransom county, numbers 14 and 25, respectively.

For a considerable period of time prior to the spring of 1915, the question of the consolidation of the schools in the Tuller township district had engaged the attention of the school voters.   Consolidation had twice been voted upon and defeated, the last time in the spring of 1915.   Another election was called, to be held on June 15, 1915, and it appears that some of the voters, of whom the plaintiff Geisler was one, who desired to defeat the consolidation proposition, consulted Mr. T. A. Curtis, an attorney of Lisbon, with reference to the approaching election.   Curtis was at the time a member of the school board in Lisbon, and Geisler, though living in Lisbon, was a taxpayer in the Tuller school district.   After consulting with Curtis, a petition was circulated by one Hammond, who was actively opposing consolidation.   The petition prayed for the annexation to the Lisbon school district of one quarter section in Island Park township and school district, and eight sections in Tuller township and school district.   The petition was liberally signed by the school voters throughout Tuller township.   After the signatures were obtained, Hammond took the petition to Curtis's office, and, following some discussion relative to the sentiment of the people of the township as to having more territory attached to the Lisbon district, the petition was changed by adding to it the description of twelve sections in the southern part of Tuller township.   It was then presented to the school board, and steps were taken to perfect the annexation by an attempted compliance with § 1240, Comp. Laws 1913.   An order of annexation was made on June 25, annexing the twenty sections em-

braced in the petition. Thereafter the territory was at all times treated as annexed to the Lisbon school district. The following spring, about the time the taxes became due, the plaintiff Geisler consulted the firm of Butler & Thompson, attorneys in Lisbon, who later instituted this suit. That firm was dissolved soon after the action was begun, and when the complaint was filed a demurrer was interposed, which was not disposed of in district court until December, 1917, a period of approximately two years and a half after the annexation proceedings.

It is claimed that these proceedings were defective by reason of the alteration of the description of lands embraced in the petition without the consent of the signers; that the petition was not signed by two thirds of the school voters residing in the territory situated a greater distance than 3 miles from the central school; that there were no signers upon the petition in the Island Park school district, from which it was proposed to take a quarter section of land; and that the notices of meeting for consideration of the petition were not properly posted.

To these contentions the respondents reply that the members of the defendant school board, aside from Curtis, acting on the petition, had no knowledge that the petition was altered after it was signed and before it was presented to the board; that the petition was acted upon in the belief that it contained sufficient signatures of school voters residing more than 3 miles from the central school; that in so far as the failure to post proper notices affects Island Park district, that district is not complaining, and appellants are not affected by such defect in the proceedings, if any; and that in any event the appellants are precluded by laches from asserting the invalidity of the order of annexation.

Obviously, if the respondents' last contention is correct, all other questions become immaterial; for it is well settled that courts will not intercede to set aside the apparently void proceedings of municipal or quasi municipal bodies at the instance of persons who have, in equity and good conscience, forfeited their right to complain. Where a party is precluded by laches, it matters little how serious may be the defect in the proceedings which he is prone to attack, so long as they are apparently regular. Thus, it is even held that, though the law under which a municipal body purports to act in extending the corporate limits be unconstitutional, proceedings thereunder will not be held valid in

favor of one who is precluded by laches from objecting to the proceeding. State ex rel. West v. Des Moines, 96 Iowa, 521, 31 L.R.A. 186, 59 Am. St. Rep. 381, 65 N. W. 818. See also Speer v. Kearney County, 32 C. C. A. 101, 60 U. S. App. 38, 88 Fed. 749. Upon the facts presented by this record, we think it clear that the plaintiffs and appellants are no longer in a position to assert the invalidity of the proceedings.

Geisler was one of the original moving parties. His name is on the annexation petition, and he had knowledge of its alteration before it was presented to the board, but he refrained from mentioning the fact to the board. And although he was a taxpayer in Tuller township, he apparently asquiesced in the assumption, by the Lisbon district, of jurisdiction over the territory taken from the Tuller district. He stood by while the latter district levied the taxes necessary to operate the schools under their jurisdiction, and made arrangements to pay, and did pay, for transporting pupils. He made no objection until taxpaying time the following spring. In the meantime the regular proceedings for the division of assets and liabilities had been had, the schools had been operated by the Lisbon board, and a new board appointed in the Tuller district with jurisdiction over the remaining territory. This board made no effort to claim jurisdiction over the portion annexed to Lisbon. Not only was this plaintiff negligent in asserting his rights by demanding a vacation of the annexation proceedings, but after the action was begun for that purpose it was allowed to drag along for a year and a half without even disposing of the demurrer to the complaint. The record shows that the attorneys for the defendants were in no wise to blame for this delay, and, in fact, no excuse is shown other than the illness of one of the plaintiffs' attorneys and changes made in partnership arrangements. In justice, however, it should be said that the delay is in no wise attributable to the defendants' present attorney. But it does appear that no sufficient excuse existed either for the delay in bringing the action or for the delay in pursuing it after it was brought. In the matter of great importance to a large number of people affected, those who oppose proceedings which purport to be conducted on behalf of all are in duty bound to proceed with such a degree of expedition as will minimize the inconvenience incident to the setting aside of the proceedings attacked. In this case, four tax levies had

been made and collected before the trial of the action, and the Lisbon district has, at all times, proceeded in such a manner as to accommodate the school population; during a portion of the time conducting a separate school in one part of the rural section of the district, and at all times making arrangements for the transportation of the pupils. Also disposing of property which could not be advantageously used under the new arrangement. Neither the plaintiff Geisler nor the other plaintiffs have offered to do equity, but, on the contrary, they assert the right to recover taxes paid.

While the position of the plaintiff Weiderholt is somewhat different in that he did not sign the petition and was not as active as was Geisler in obtaining the favorable action of the Lisbon school board, he was shown the petition, and says that he came to the conclusion that it was not legal; and, to use his own words, he said, "I never bothered my head about it." He did not send his children to the public schools, and he testified that it was altogether a question of taxes with him. There can, of course, be no assurance that the taxes would not have been as great in the original Tuller school district if the consolidation plan had been again voted upon and carried. As for the delay, the plaintiff Weiderholt gives no other or different excuse than Geisler. Upon these facts we are of the opinion that all of the plaintiffs are guilty of laches, precluding the relief sought in this action. Greenfield School Dist. v. Hannaford Special School Dist. 20 N. D. 393, 127 N. W. 499, and cases therein cited; 28 Cyc. 214. A parallel situation and a similar conclusion will be observed in the following excerpt from the opinion of the supreme court of Arkansas in the case of Black v. Brinkley, 54 Ark. 372, 15 S. W. 1030. "Moreover, the appellant delayed for more than eight months after the order of annexation was made before filing the petition to annul it. No excuse is offered for the delay. If the circuit court had acted upon the petition at the next term after its presentation, the lapse of time would have been such that it is fair to presume that jurisdiction had been assumed by the municipality over the annexed territory, with whatever of expense is necessarily incident thereto; that taxes had been assessed and paid for municipal purposes; and that the citizens residing within the annexed territory had participated in electing town officers. Great confusion would have arisen from a quashal of the order. It is now nearly four years since the

territory was declared a part of the town, and the causes for confusion have multiplied as time elapsed. We should therefore be slow to hold that the circuit court had abused its discretion in withholding the use of the writ, and slower in exercising that discretion ourselves at this time. The rule is to refuse the writ where the party seeking it fails to show that he has proceeded with expedition after discovering that it was necessary to resort to it, and especially where great public inconvenience will result from its use."

On this record the trial court has found that the plaintiffs were guilty of laches. In our opinion this finding is amply supported, and the judgment rendered below proper. It is in all things affirmed.

CHRISTIANSON, Ch. J., and BRONSON, J., concur.

ROBINSON and GRACE, JJ., dissent.