BRANNIGAN, Appellant, v. SCHNECK et al, Respondents.

(208 N. W. 718.)

(File No. 5778.   Opinion filed April 22, 1926.)

1.   Estoppel—Municipal Corporations—Property Owner Held Estopped by Laches and Conduct from Questioning Validity of Annexation Proceeding.

Owner of part of property annexed to city is estopped by laches and conduct from questioning validity of annexation proceedings, having waited eight years, voted in city matters of city interest, recognized the extension by description in mortgages of his property, and raised no question till sewer had been constructed, general spread assessment calculated, taking into consideration the whole district, and three of the ten annual installments collected.

2.   Municipal Corporations — Special Assessments — Property Not Reached by Sewer as Constructed Held Benefited, So as to Be Liable for Share of General Spread Assessment.

Property, within 1,800 feet of which sewer, as construrcted, does not come, is benefited thereby, so as to be liable for its share of general spread assessment to pay for trunk sewer and septic plant our outlet, which will be available to such property, in common with all other property, when sewer is extended.

3.   Municipal Corporations—Taxation—Statute as to General Spread Assessment for Sewer Strictly Complied With by Omission of Lot Not in Last Assessment (Rev. Code 1919, Sec. 6377).

Omission, though unintentional, from general spread assessment for sewer, which, under Rev. Code 1919, Sec. 6377, must be on the valuation "according to the last assessment" of all the real property in the sewer district, of a lot omitted from the last assessment, is in strict compliance with the statute.

4.   Appeal and Error—Finding on Ample Evidence that Sewer When Extended, with Sewage Lift, Would Serve Assessed Property, Will Not Be Disturbed.

Finding on ample evidence that, notwithstanding level of ground, lateral sewer when extended, with the construction of a sewage lift, would serve plaintiff's property, will not be disturbed.

5.   Municipal Corporations.

That sewer system as planned did not provide for sewage lift will not defeat general spread assessment of property which will by such means be served when sewer is extended.

Note.—See, Headnote (1), American Key-Numbered Digest, Estoppel, Key-No. 90(1), Municipal corporations, 28 Cyc. 214, 215;

**(2)** Municipal corporations, Key-No. 439, 28 **Cyc.** 1129, 1130; **(3)** Municipal corporations, Key-No. 472, 28 **Cyc.** 1162; **(4)** Appeal and error, Key-No. 1010(1), 4 **C. J.** Sec. 2853; **(5)** Municipal corporations, Key-No. 417(1), 28 **Cyc.** 1114 (Anno.).

Property liable for assessment for construction of drains or sewers, see note in 26 L. R. A. (N. S.) 973.

Rule that assessment for public improvement depends on benefits, see note in 58 L. R. A. 358.

Loss of right to contest assessment in drainage proceedings by waiver, estoppel, or the like, see note in 9 A. L. R. 842.

Appeal from Circuit Court, Clark County; HON. W. N. SKINNER, Judge.

Action by J. P. Brannigan against John Schneck, Mayor of Clark, and others. From an adverse judgment and order, plaintiff appeals. Affirmed.

*Case & Case,* of Watertown, for Appellant.

*R. A. Dunham* and *W. W. Titus,* both of Clark, for Respondents.

MISER, Circuit Judge. In this action plaintiff seeks to have his property decreed to be outside the city limits of Clark and relieved from special assessments levied for the construction of a sewer therein. He contends, first, that the outlots involved are not within the city; and, second, that, if within the city, no benefit accrue to plaintiff's property, because (a) the sewer does not extend to within 1,800 feet of plaintiff's property, and (b) if same were extended, the ground is so level that the extension of the sewer at a sufficient depth under the ground to avoid freezing would not give sufficient fall to permit flow.

Plaintiff's property affected is acre property, and no plat of same has ever been recorded in the office of the register of deeds, as required before contiguous territory can be included within the city by section 6560, R. C. 1919, or by its preceding statute, section 1378, Pol. Code 1903. In 1909 the county surveyor prepared a plat of these and other outlots, which were then admittedly outside the city, for the purpose of facilitating the assessment and collection of taxes thereon. In 1915, purporting to comply with section 1378, supra, with reference to the annexation of lands platted and recorded as additions, yet without the particular lands in question having been platted or recorded as an addition, the

city of Clark adopted a resolution including the lots in question and other lots within the city of Clark. It seems to be apparent that the law was not complied with in this attempt to extend the city limits.

[1] As to this point respondent city makes two contentions: First, that appellant cannot make a collateral attack upon the annexation proceedings at this time by an action to restrain the collection of a special assessment; and, second, that plaintiff is estopped by laches and by his conduct from now questioning the validity of the annexation proceedings. Inasmuch as this point will have to be determined favorably to respondent under the authority of State ex rel. Brown v. City of Pierre, 90 N. W. 1047, 15 S. D. 559, it is not necessary to pass upon the question of whether this is a collateral attack upon the annexation proceedings and whether such attack would be permissible. The facts in this case clearly bring it within the rule in State ex rel. Brown v. City of Pierre, supra, in that in both cases about eight years had elapsed between the time of annexation and the time of attack. Both plaintiffs had paid taxes upon the real property with knowledge that part of such taxes would go to the use of the city. Both plaintiffs voted in the city in matters of city interest, and, while in the Pierre Case the plaintiff signed the petition for annexation, whereas in the case at bar plaintiff did not do so, not being then the owner of the land, in the case at bar plaintiff voted in the city of Clark in a purely city matter even after he had filed his amended complaint herein. Plaintiff in the case at bar recognized the extended limits of the city in description of his property in mortgages. Furthermore, in the case at bar plaintiff stood by and raised no question as to his lots being legally within the city until the sewer had been constructed, the general spread of the assessment calculated, taking into consideration the whole district, and three installments of the sewer assessment had been collected of the ten annual assessments, which aggregate a general spread assessment of $31,476.41; the balance of the $66,000 which the sewer system cost being charged against the abutting property, and no charge having been made whatever against plaintiff's property except for the general spread assessment, total special assessment thereon being only $430.54. So that the language of this court in the Pierre Case would seem applicable:

"To now permit the proceedings of. the said council to be questioned 'by the appellant would result in great injustice to other parties owning property within the said city. The owners of other portions annexed by the order of the city council have apparently acquiesced in said annexation proceedings, and it would 'be manifestly unjust to the citizens of Pierre to permit her to question the validity of the petition under which the city council acted. She must therefore be held to be estopped from now showing the invalidity of those proceedings."

The foregoing rule announced in State v. City of Pierre is amply supported by Kuhn v. City of Port Townsend, 41 P. 923, 12 Wash. 605, 29 L. R. A. 455, 50 Am. St. Rep. 911; State v. City of Des Moines, 65 N. W. 818, 96 Iowa 521, 31 L. R. A. 188, 59 Am. St. Rep. 381; Sage v. City of Plattsmouth, 67 N. W. 455, 48 Neb. 558; Weiderholt v. Lisbon Special Sschool Dist. No. 19, 178 N. W. 432, 45 N. D. 561; 28 Cyc. Municipal Corporations, pp. 214, 215, and cases there cited.

[2, 3]   As to the first ground of objection which appellant urges to being charged with benefits, namely, that the sewer does not come within 1,800 feet of appellant's property, it should be borne in mind that appellant's property is only charged with liability for its share of the general spread assessment to pay for the trunk sewer and septic plant or outlet, which will be available to plaintiff's property in common with all other property when the sewer is extended. The evidence discloses no error or unfairness in the levying of these assessments. In fact, the record seems to show a strict compliance with the statute with reference to the levying of such assessments. It is urged by appellant and the fact is admitted that outlot 42 was omitted from the special assessment, but it was stipulated as a fact that said omission was not fraudulently or intentionally made, and under the provisions of section 6377, R. C. 1919, the assessment must be made upon the valuation "according to the last assessment of all the real property situated within such sewer district," and it appears from the record that said outlot 42 was omitted from the last assessment, which was used as the basis of such valuation, so that, in the omission of outlot 42 from the special assessment, while such omission was unintentional, there was by the omission a strict compliance with the language of the statute.

[4, 5]   As to the second basis of appellant's contention that his property is not benefited by this sewer system, namely, that if the sewer is placed at a depth under ground sufficient to avoid freezing there would not be sufficient fall to permit the flow of the sewage, the court made finding No. 10 as follows:

"That the sewer as laid and as planned consisted of one trunk sewer only, with laterals leading therefrom, and by the extension of said lateral sewers, with the construction of a water lift in the lateral running along Ohio street in said city, the entire real property situated within said sewer district, and including the property of plaintiff hereinbefore described, could be and would be served by said sewer, and the same and each part thereof was and would be benefited by the construction of the said sewer."

The testimony of the engineer who designed the sewer system for the city of Clark is that by the means of what is called a sewage lift the property of appellant could be served in a practicable way by the present sewer, and that such a system of sewage lift is used in the city of Watertown and the city of Aberdeen, in one of said cities this being automatically controlled, and in the other by having an attendant in control.

The evidence amply sustains the foregoing finding of the trial court, and its finding in that respect should not be disturbed. True, the appellant contends that the system as planned did not provide for a any sewage lift, but this should not be permitted to defeat the assessment if by such means this territory would be practically and naturally served when the time comes for an extension of this system.

The judgment and order appealed from are affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.