## ELI MAYO *v.* S. A. WOODS.

RENTS AND PROFITS OF LAND SOLD FOR TAXES.—The purchaser at Sheriff's sale of land sold on execution issued on a judgment recovered for taxes, is not entitled to receive the rents and profits during the period allowed for redemption.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

Plaintiff appealed from the judgment.

The other facts are stated in the opinion of the Court.

*Robinson & Dunlap*, for Appellant. The sale was equivalent to an assignment of the lease, and under the two hundred and thirty-sixth section of the Practice Act, gave the purchaser a right to the rents and profits. (*McDevitt* v. *Sullivan*, 8 Cal. 592; *Harris* v. *Reynolds*, 13 Cal. 515; *Kline* v. *Chase*, 17 Cal. 596; *Knight* v. *Truett*, 18 Cal. 113; *Shores* v. *Scott River Co.*, 21 Cal. 135.) The Practice Act is applicable to proceedings under the Revenue Act. (See Revenue Act of 1861, Sec. 45.)

*H. H. Hartley*, for Respondent. The two hundred and thirty-sixth section of the Practice Act has reference only to sales on civil judgments obtained under the general provisions of the Practice Act, and is not applicable to sales for taxes. The right of redemption, and the right to the rents and profits pending the right of redemption, are statutory rights and an innovation on the common law, and exist only where specially given. The Revenue Act does not give the right to the rents and profits, but provides for redemption, showing that the matter of rents and profits was left out on purpose.

By the Court, SAWYER, J.:

A judgment having been recovered in pursuance of the provisions of the statute in the case of *The People of the State of California* v. *Woods*, and a tract of land situate in the City of Sacramento, for taxes assessed upon said lot of land, the said land was sold to the plaintiff on the 18th of September, 1865,

by the Sheriff, under an execution and order of sale issued on said judgment, for the sum of eighty-two dollars sixty-two cents. On the first day of March following, the defendant redeemed the said premises from said sale for taxes, in the mode prescribed by law. Between the time of said sale and the said redemption, the said defendant collected of the tenants in possession, rents to the amount of four hundred dollars. This action is brought by the purchaser at the sale against the owner of the land, to recover from him the amount of the rents and profits thus received after the sale, and before the redemption. The District Court held that plaintiff was not entitled to the rents and profits during the time specified, and rendered judgment for defendants.

Plaintiff claims the rents and profits by virtue of the provisions of the two hundred thirty-sixth section of the Practice Act. This Act had no reference to proceedings for the collection of taxes under the revenue laws of this State, but was intended only to prescribe a course of proceedings in civil cases in the ordinary administration of justice. The revenue laws have since provided for the collection of taxes by means of a suit, and judgment against the parties and lands liable therefor, and such provisions of the Practice Act as are necessary to give effect to the revenue system have been expressly made applicable to the proceeding. But we do not think it was contemplated, that section two hundred thirty-six should apply to tax sales. We find no provision indicating such an intention. Independent of some express provision to that effect, or necessary implication from statutory provisions, the purchaser at a Sheriff's sale is not entitled to receive the rents and profits of the land during the period allowed for redemption.

We find no such provision, and none from which the right results as a necessary implication. The judgment of the District Court is correct, and, therefore, affirmed.