HEARD NOV. TERM, 1871.

ALLEN vs. PARTLOW.

An order, made by the Circuit Court, in April, 1871, in a proceeding by foreign attach-
ment, commenced in 1868, allowing defendant to put in special bail, under the Acts
of force when the writ issued, and thereupon dissolving the attachment, is not
appealable under the Code of Procedure.

BEFORE ORR, J., AT ABBEVILLE, APRIL TERM, 1871.

On September 1st, 1866, Bannister Allen, plaintiff, sued out a
writ of foreign attachment against J. Y. L. Partlow, defendant.
It was entered in the Sheriff's office, and on the 14th day of the same
month and year, was served by the Sheriff on a tract of land of the
defendant. Declaration was duly filed, and judgment by default
entered; and, the case being on the enquiry docket, the defendant,
on the 5th January, 1869, tendered to the Clerk of the Court a
recognizance of special bail, and asked to have the same entered,
and the attachment dissolved. The Clerk referred the matter to
the Court, and after some necessary delay, it came up for considera-
tion on the 19th day of April, 1871, when his Honor the presiding
Judge made an order that the recognizance be accepted by the
Clerk, and the attachment dissolved.

The plaintiff appealed, on several grounds, none of which was
considered by the Court.

*Thomson & Fair*, for appellant.

*Perrin & Cothran*, for respondent.

Aug. 7, 1872.  The opinion of the Court was delivered by

WILLARD, A. J.  The order appealed from was made on the
19th of April, 1871, subsequent to the adoption of the Code of
Procedure, (March 1, 1870,) and the appeal is governed by its pro-
visions.  The order allowed the defendant in a foreign attachment,
commenced prior to the Act of 1868 "to regulate attachments,"
(14 Stat., 102,) to put in special bail.

The order having been made subsequent to January 1, 1871, the
right of appeal, as limited by Section 11 of the Code, is not to be
enlarged under the provisions of Section 463, relating to suits ex-
isting at the adoption of the Code.  Unless this is an appeal
allowed to be taken under the provisions of Section 11, it is not
entitled to be heard.

If the order is to be regarded as "involving the merits and necessarily affecting the judgment," (a proposition we are not now called upon to pass upon,) then, under Section 11, subdivision 1, of the Code, it can only be reviewed after judgment, and on appeal from such judgment.

The order appealed from is not appealable, within the provisions of Section 11 of the Code of Procedure. The second subdivision of that Section is the one to be considered in its relation to the case in hand.

In order to come within the third subdivision, it would have to appear that it was a final order, affecting a substantial right made in a special proceeding, for it is not made upon a summary application in an action after judgment. The term "special proceeding" must be taken in the sense of the Code. It is there defined, under Sections 2 and 3, as any remedy other than an action or ordinary proceeding in a Court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offence. Under the Code, an attachment is a form of process incident to an action against certain persons, (§ 250.)—*Campbell* vs. *Ins. Co.,* 1 S. C., 158.

As an incident of an action it is not to be regarded as a special proceeding; such proceedings being in their nature independent remedies, that cannot be taken by an action.

The proceeding by foreign attachment under the statutes as they existed prior to 1868, by assimilation to that of an attachment under the Code, must be regarded as falling within the term "action," as that term is employed by the Code.

The fruit of such an attachment was a judgment, and the attachment itself filled the office of process to obtain security for any judgment that might be obtained in an ordinary course of proceeding.

To bring the case within this second subdivision of Section 11, it must appear to be an order affecting a substantial right, made in an action, when such order in effect determines the action, and prevents a judgment from which an appeal might be taken, and when such order grants or refuses a new trial. It must therefore appear that the order in question is such as to prevent a judgment in an action.

The present order is not of that character. At most it affects the security of the plaintiff for the satisfaction of any judgment he may

obtain, but does not preclude him from proceeding to judgment against the defendant. It was attempted, in argument, to show that the effect of the order was a dismissal of the plaintiff's entire proceeding, but as an order allowing special bail, it cannot be regarded in that light.

The order not being appealable, we are not at liberty to consider whether the taking of special bail was erroneous, in view of the provisions of the Constitution abolishing imprisonment for debt, nor whether an undertaking should have been demanded, either under the Code or the Act of 1868. The appeal should be dismissed.

*Moses*, C. J. and *Wright*, A. J., concurred.