JOSEPH WEIDERHOLT and Henry J. Geisler, Appellants, v. LISBON SPECIAL SCHOOL DISTRICT NO. 19, the Board of Education of Lisbon Special School District No. 19, W. F. Grange, Alfred M. Kvello, Thomas A. Curtis, A. C. Cooper, C. D. Clow, and W. S. Adams, Respondents.

(169 N. W. 809.)

Special school district — board of directors — citizens and taxpayers — action by — affecting proceedings of board — nonexistence of facts necessary to give board authority to act — complaint shows — course of action stated.

In an action brought by citizens and taxpayers residing within an area affected by the proceedings of a board of directors of a special school district annexing territory to the district, it is *held*:

1. That a complaint which alleges the nonexistence of facts required to give the school board authority to enlarge the district states a cause of action.

Proceedings of school board — in reforming a district — by adding territory — common law — writ of quo warranto — tested by — civil action lies in this state — district court.

2. The legality of proceedings of a school board in reforming a district by adding territory thereto, which could have been tested at the common law by a writ of quo warranto or by information in the nature of quo warranto, may be tested in this state by a civil action in the district court under § 7969 of the Compiled Laws of 1913.

Opinion filed December 10, 1918.

Appeal from District Court of Ransom County, *Allen*, J.

Plaintiffs appeal.

Order reversed.

*Kvello & Adams,* for respondents.

It is no reason why certiorari will not lie in such cases because there may be matters outside the record of which complaint is made. Re Dance, 2 N. D. 184, 33 Am. St. Rep. 768, 49 N. W. 733; Code Civ. Proc. art. 2, chap. 34; Comp. 1887, §§ 5507 to 5516; Comp. Laws, 1913, §§ 8448, 8451; Requisites of Writ; 6 Cyc. 827, 830; Stumpf v. San Louis Obispo County (Cal.) 82 Am. St. Rep. 350.

The evidence may be exercised to determine the jurisdiction of the inferior court or tribunal. 6 Cyc. 806, 807, 827, 830; People v. Knowles, 47 N. Y. 415; State v. Neosho, 57 Mo. App. 192; Stumpf v. San Louis Obispo County (Cal.) 82 Am. St. Rep. 350.

If the facts and errors are extrinsic and do not appear of record, they may be shown *aliunde,* and especially to show fraud. Ibid.

The court may order a reference to determine disputed facts. 6 Cyc. 761, 762, note 89, 790, 831; Wistar v. Ollis, 77 Pa. 291; People v. Brooks, 40 How. Pr. 165; People v. Cholwell, 6 Abb. Pr. 151; State ex rel. Johnson v. Clark, 21 N. D. 517, 131 N. W. 715; State ex rel. Dollard v. Hughes County, 1 S. D. 292, 46 N. W. 1127.

An injunction will not be granted where relief may be obtained by appeal or certiorari. 22 Cyc. title "Injunctions" 775; Erickson v. Cass County, 11 N. D. 494, 92 N. W. 841.

The complaint contains allegations of all necessary facts, and the court will take cognizance of the various legal steps intervening between the various acts of the board, and the presumption that the board has complied with the law will prevail, unless this is rebuttable in an action of a collateral nature, such as this one. Cleveland School Dist. v. Hannaford Special School Dist. 20 N. D. 393.

It is not necessary to have stated within the petition that the signers constitute a majority of the qualified electors. State ex rel. Little v. Langlie, 5 N. D. 594, 32 L.R.A. 723, 67 N. W. 958; Lawrence County v. Hall, 70 Ind. 469; Currie v. Paulson, 43 Minn. 411, 45 N. W. 854; Ellis v. Karl, 7 Neb. 381; Bennett v. Hetherington, 41 Iowa, 142; Baker v. Louisa County, 40 Iowa, 226; Redfield School Dist. v. Redfield Independent School Dist. 14 S. D. 229, 85 N. W. 180; State ex rel. Laird v. Gang, 10 N. D. 331, 87 N. W. 5; Pine Tree Lumber Co. v. Fargo, 12 N. D. 360, 96 N. W. 357; Nofire v. United States, 164 U. S. 657, 41 L. ed. 588, 17 Sup. Ct. Rep. 212; Delaney v. Schuette, 49 Wis. 366, 5 N. W. 796; Barber Asphalt Paving Co. v. Denver, 19 C. C. A. 139, 36 U. S. App. 499, 72 Fed. 336; State ex rel. Little v. Langlie, 5 N. D. 594, 32 L.R.A. 723, 67 N. W. 958; School Dist. v. Thompson, 27 N. D. 459, 146 N. W. 727.

The presumption is that public officials have done and do their duty.

*M. O. Thompson* and *Charles S. Ego,* for appellants.

.The complaint does not contain a statement of facts sufficient to con-stitute a cause of action.

The facts in many respects show that the steps prerequisite and necessary to give the board jurisdiction and authority to act had been taken, such as a proper petition, notice, and then proper findings of board. Red River Valley Brick Co. v. Grand Forks, 27 N. D. 8; State ex rel. Johnson v. Clark, 21 N. D. 526; Lutien v. Kewaunee (Wis.) 126 N. W. 662; Glaspel v. Jamestown, 11 N. D. 86; State v. Holcomb (Kan.) 149 Pac. 684; Hughes v. Ewing (Cal.) 28 Pac. 1067; Doherty v. Ransom County, 5 N. D. 1; Glaspel v. Jamestown, 11 N. D. 86; State v. Budge, 14 N. D. 532; Morton v. Holes, 17 N. D. 154; 8 Cyc. 830.

The power to annex territory is legislative. Ibid.

Such power can be sustained in municipal corporations only on the theory that it operates locally and for self-government purposes. Ibid.

School districts are public corporations for school purposes. Comp. Laws 1913, § 1140; State ex rel. Laird v. Gang, 10 N. D. 331; Stern v. Fargo, 18 N. D. 289; State ex rel. Minihan v. Nyers, 19 N. D. 804; Pronovost v. Brunette, 36 N. D. 288; 35 Cyc. 899, 901.

Being political agencies of the state, organized for a single purpose, their powers are herewith, and when a statute confers arbitrary power it must be strictly construed. Ibid.

School boards have no powers excepting those expressly granted and those necessarily implied from those which are granted. Ibid.

Injunction is the proper remedy to determine the validity of these annexation proceedings in so far as they form the basis for levying taxes. Red River Valley Brick Co. v. Grand Forks, 27 N. D. 8; State ex rel. Ladd v. District Ct. 17 N. D. 285; Bartells Oil Co. v. Jackman, 29 N. D. 236; State v. Fisk, 15 N. Y. 219–225; Forsythe v. Hammond, 68 Fed. 774; High, Inj. § 1254; 5 Pom. Eq. Jur. §§ 321, 322; Payne v. English (Cal.) 21 Pac. 952; Nelson v. State Bd. (Ky) 50 L.R.A. 383; People v. Canal Bd. 55 N. Y. 390.

Jurisdiction of such boards as defendant may be disputed at any time. Rees v. Wildman, 35 Atl. 1047; Scott v. McNeal, 154 U. S. 34; Wales v. Willard, 2 Mass. 124; Thompson v. Whitman, 18 Wall. 457; Earle v. Mcveigh, 91 U. S. 503; Spoors v. Cowan, 44 Ohio St. 497; Laughlin v. Volegsong (Ohio) 38 N. E. 111; Pierce v. Bowers (Tenn.)

8 Baxt. 353; Withers v. Patterson (Tex.) 86 Am. Dec. 643; Wade v. Hancock 76 Va. 621; Roberts v. Hickory etc., Co. (W. Va.) 41 S. E. 351; 15 Standard Proc. 415 et seq.; Roderigas v. East River Sav. Inst. 63 N. Y. 460; Wenzer v. Howland, 10 Wis. 8; Rogers v. Cady (Cal.) 38 Pac. 81; Peck v. School Dist. 21 Wis. 521; Mora v. Kuzac, 21 La. Ann. 754; Heinlin v. Heilbron, 30 Pac. 8.

When the statute prescribes some fact which must exist as a condition precedent to jurisdiction, such fact must exist before there can be jurisdiction. The board cannot arbitrarily adjudge the existence of such fact. Ibid.

It is the fact, and not the record evidence of the fact, which gives the jurisdiction. Ibid.

Any existing presumption that such boards have done their duty is a rebuttable presumption. Chamberlayne, Ev. ¶ 1202a; Re Sheriff (N. J.) 69 Atl. 305; McLean v. Farmers Highline Canal, etc., Co. (Colo.) 98 Pac. 16; Western U. Tel. Co. v. Dodge County (Neb.) 117 N. W. 468; Hahn v. Kelly (Cal.) 94 Am. Dec. 742; Tompert v. Lithgow, 1 Bush, 176; Carron v. Martin (N. J. L.) 69 Am. Dec. 584; 15 Standard Proc. 434, et seq.

Presumed jurisdiction only exists until the contrary is shown. Ibid.

Certiorari is not the proper remedy in this case, as the writ would have brought up only the record of defendant board. Complaint of many matters de hors the record is here made. Comp. Laws, § 8445; Re Dance, 2 N. D. 184; Red River Valley Brick Co. v. Grand Forks, 27 N. D. 8; Re Pedrorena (Cal.) 22 Pac. 71; Haven v. County Comrs. (Mass.) 29 N. E. 1083; Hackett v. Brown (Mich.) 87 N. W. 102; People v. Feitner (N. Y.) 66 N. E. 1114; Lippincott v. Strout Co. (Del.) 79 Atl. 215; State v. Thorne (Wis.) 87 N. W. 797; State v. King (La.) 23 So. 992; Porter v. Steele (Idaho) 63 Pac. 187; Comrs. v. Smith (Ill.) 75 N. E. 396; Wheeler v. Probate Ct. (R. I.) 49 Atl. 574; Hatlestad v. Court (Iowa) 114 N. W. 628; Ward v. Board (Mo.) 36 S. W. 648; Alexander v. Archer (Nev.) 24 Pac. 373; Re Road in Bern & Penn Twp. (Pa.) 17 Atl. 265; see also note in 40 Am. St. Rep. 30.

The record as returned imparts verity and is conclusive of all the facts stated therein. Ibid.

Under the facts admitted by the demurrer, the annexation proceedings were void, and certiorari will not issue in such cases. Bass v.

Milledgeville (Ga.) 50 S. E. 59; Sawyer v. Blakely (Ga.) 58 S. E. 399; People v. Moore, 1 N. Y. Supp. 405; Dison v. Cincinnati, 14 Ohio, 240; State v. Chittenden (Wis.) 107 N. W. 500; Lutien v. Kewaunee (Wis.) 126 N. W. 662.

The statute fixes as a prerequisite to jurisdiction, that a petition signed by the required number of citizens and taxpayers of the territory, must be presented to the board. Appellants allege that no such petition was presented and therefore there was no jurisdiction. West End v. State (Ala.) 36 So. 423; Borchard v. Ventura County (Cal.) 77 Pac. 708; People v. Stratton (Colo.) 81 Pac. 245; People v. Pike (Ill.) 64 N. E. 393; Atty-Genl. v. Rice (Mich.) 31 N. W. 203; Yard v. Ocean Beach (N. J. L.) 5 Atl. 142; State ex rel. Lee v. Jenkins (Mo.) 25 Mo. App. 484; Kaiser v. Lawrence (Iowa) 8 N. W. 772; McGarahan v. Mining Co. 96 U. S. 316; Page v. Board, etc. (Cal.) 24 Pac. 607; People v. Linden (Cal.) 40 Pac. 115; Re Taylorport (Pa.) 13 Atl. 224; Darmouth Sav. Bank v. School Dist. 6 Dak. 332.

It is not essential to an allegation of fraud that the word "fraud" or "fraudulent" be used. The ultimate facts need only to be concisely set forth. Such is done here. Whittlesey v. Delaney, 73 N. Y. 571; Hicks v. Stevens, 11 N. E. 241; Morgan v. Hayes, 1 Ohio Dec. 454; Lafayette Co. v. Neeley, 21 Fed. 738; Castle v. Bader, 23 Cal. 75; Hodgkins v. Dunham (Cal.) 103 Pac. 351; Sallies v. Johnson (Conn.) 81 Atl. 975, Ann. Cas. 1913A, 386; Parsons v. Barnes (Neb.) 135 N. W. 374; Benolkin v. Guthrie (Wis.) 87 N. W. 466; Warren v. Union Bank (N. Y.) 51 N. E. 1036; Parham v. Randolph (Miss.) 4 How. 435, 35 Am. Dec. 403; Andrews v. King County (Wash.) 23 Pac. 409; see also note 90 Am. Dec. 277; Indiana N. & T. Co. v. Glass Co. 75 N. E. 649; Railway Co. v. Stevens, 96 N. E. 493; Holcomb v. Noarman, 91 N. E. 625; Vukelis v. Virginia, 119 N. W. 509; Allen v. Coal Co. 115 Pac. 673; Silver Bow County v. Davies, 107 Pac. 673; Wallace v. Jones, 74 N. E. 576; Boelk v. Nolan, 107 Pac. 689; Trustees v. Hughes, 172 Fed. 206; Richardson v. El Paso Co. 118 Pac. 982; Soule v. Weatherby, 118 Pac. 833; Weber v. Lewis, 126 N. W. 105; White Bros. v. Watson, 117 Pac. 497.

Notice of hearing must be published and posted as required by law else the board has no authority to make any order. Trotter v. Paunley, 39 Iowa, 203; Butterfield v. Inhabitants, etc., 61 Me. 583; Gentle v.

School Inspectors (Mich.) 40 N. W. 928; Graves v. Joint School Directors (Mich.) 61 N. W. 70; Perryman v. Bethune (Mo.) 1 S. W. 231; State v. Compton (Neb.) 44 N. W. 660; People v. Hooper (N. Y.) 13 Hun. 639; Huysey v. Zeeland Twp., etc. (Mich.) 91 N. W. 1020; Noble v. White (Ky.) 77 S. W. 678; State ex rel. Ladd v. District Ct. 17 N. D. 285; Bartels Northern Oil Co. v. Jackman, 29 N. D. 236; High, Inj. § 1254; Jewett Bros. v. Smail (S. D.) 105 N. W. 738.

BIRDZELL, J. This is an appeal from an order entered in the district court of Ransom county, sustaining a demurrer to the complaint. The action was brought for the purpose of enjoining the defendants from asserting any jurisdiction over certain territory that had been annexed to the defendant school district, or from levying upon or carrying forward upon the books of the defendant district any taxes for the benefit of the district or certifying the same to the county auditor. Judgment was also asked against the school district for an amount paid in taxes during the year preceding the bringing of the action. The complaint alleges in substance that the plaintiffs are owners of property within the territory affected by the alleged annexation proceedings; that they bring the action on behalf of themselves and others similarly situated; that on the 25th day of June, 1915, the defendant school district, acting through its board of education, the members of which are made defendants, made a purported order annexing certain territory to the defendant district, part of which was originally embraced in the Tuller School District No. 19, and some of which was located more than 3 miles from the central school in the defendant district; that the annexation proceedings had were void for the reasons: (a) That the application therefor was not signed by the requisite number of qualified petitioners; (b) that the application was signed by some who were not residents or voters of the territory sought to be annexed; (c) that proper notice of hearing of the application was not given; (d) that, after the application was signed by all petitioners except two, it was altered by one of the individual defendants, a member of the defendant school board, by the addition of descriptions embracing additional territory; and (e) that there were forty-five resident school voters in the school territory added to the application, eleven of whom signed the application. The

complaint further alleges that, pursuant to the purported annexation proceedings, the property and funds of the districts affected thereby were equalized by a board of arbitration and that taxes were levied and assessed by the defendant upon the property so annexed. There are also allegations showing the inconvenience to which the plaintiffs are subjected by reason of the purported annexation proceedings and the extent to which they are prejudiced by additional taxes levied for the support of the defendant school district. Also that the defendant district has not, since the annexation proceedings, made any expenditures for additional buildings, teachers, etc., except such as would have been necessary in the absence of the attempted enlargement of the district.

As stated above, the proceedings complained of were shown by the complaint to have been had on or about the 25th day of June, 1915. This action was begun on the 7th day of April, 1916. A demurrer was served on April 12th and filed on the 5th day of December, 1917. The order sustaining the demurrer is dated on the 8th day of December, 1917.

The proceedings involved in the action were had under § 1240 of the Compiled Laws of 1913. This section provides that special school districts may annex adjacent territory "upon application in writing signed by a majority of the voters of such adjacent territory, provided, that no territory shall be annexed which is at a greater distance than 3 miles from the central school in such special district, except upon petition signed by two thirds of the school voters residing in the territory which is at a greater distance than 3 miles from the central school in such special district." The section further provides for fourteen days' notice of a hearing to be published in the various newspapers and for notices to be posted in conspicuous places, three of such notices being required to be posted in the special district, three in the territory sought to be annexed, and three in the district remaining from which the territory is sought to be taken.

As above indicated, the plaintiff alleges noncompliance with the above statute in the failure of the petition to contain the requisite number of signatures of qualified petitioners and in the failure to give proper notice of the hearing. The complaint is therefore sufficient as against the demurrer if the proceedings are open to attack in

the manner attempted.    The decisive question is, Can the proceedings be attacked in this action?

The complaint, fairly construed, alleges facts which, if proven, would establish that the defendants are illegally exercising jurisdiction over the territory sought to be annexed to the defendant district for school purposes.    The respondent argues that the attack in question is collateral and that the plaintiffs are not entitled to the relief sought until there has first been a judicial review of the proceedings had by the officers of the district in a certiorari proceeding.    We are of the opinion that certiorari as embodied in the Code provision of 1895, after the decision of this court is the case of Re Evingson, 2 N. D. 184, 33 Am. St. Rep. 768, 49 N. W. 733, would have afforded to the plaintiffs a remedy to secure a review of the proceedings had before the board of the defendant district.    Provision is expressly made now (Rev. Codes 1895, § 6104, Comp. Laws 1913, § 8451) for the proof of any question of fact which is essential to the jurisdiction of the body or officers making the determination to be reviewed by certiorari.    It is also now provided (Rev. Codes 1895, § 6107, Comp. Laws 1913, § 8454), that the record of the board may be impeached by the return or by the written proof authorized by the preceding section.    But it does not follow that certiorari is the only proceeding in which the right of the defendants to exercise jurisdiction for school purposes over the territory in question can be attacked. It was competent at the common law to resort to proceedings in the nature of quo warranto for the purpose of determining the legality of the exercise of the corporate franchise of a municipal or quasi municipal corporation over territory sought to be included therein. This question was directly presented to the supreme court of Illinois in the case of People ex rel. Huck v. Newberry, 87 Ill. 41.    That case involved, as does the case at bar, the legality of a proceeding to attach territory to an existing school district, and the supreme court held that quo warranto was as applicable to test the legality of the re-formation of a district as to test the validity of its original formation.    The proceeding in that case was an application for a judgment for delinquent school taxes and the court held that the defendants could not inquire into the legality of the organization of the district except by quo warranto.    The pertinent holding is:   "The inquiry, whether it

affects the whole or only a part, is the same; and the policy which forbids inquiry as to the lawfulness of the organization of the district, except by a direct proceeding for that purpose, equally forbids inquiry as to the lawfulness of the organization of a part of the district except by a direct proceeding for that purpose." People ex rel. Cooney v. Peoria, 166 Ill. 517, 46 N. E. 1075; State ex rel. Hammond v. Dimond, 44 Neb. 154, 62 N. W. 498; State ex rel. Loy v. Mote, 48 Neb. 683, 67 N. W. 810. See also 32 Cyc. 1415. It is clear that quo warranto would constitute a direct attack upon the validity of the organization of the defendant district as affecting the territory in question. Section 7969 of the Compiled Laws of 1913 expressly substitutes a civil action in district court for the remedy formerly attainable by the writ of quo warranto, and proceedings by information in the nature of quo warranto. We are of the opinion that the action in question may be properly considered a civil action brought for the purpose of affording a remedy formerly attainable by such a writ. It follows from this that the complaint states a cause of action.

While laches is somewhat argued in the briefs, we do not consider that the question is properly here at this time, and we consequently refrain from expressing any opinion on this phase of the case.

For the foregoing reasons the order appealed from is reversed.

BRONSON, J., not having been a member of the court when the case was submitted, did not participate.

CHRISTIANSON, Ch. J. (dissenting). As I construe the complaint in this case, the action is one to enjoin the collection of taxes. The prayer for judgment is that defendants be enjoined from asserting jurisdiction over the annexed territory, and from levying taxes against property located therein; and, also, that plaintiffs and all others similarly situated have judgment against the defendant school district for the amounts paid for taxes levied during the year 1915. I do not, however, deem the character of the action of controlling importance. The action is brought by the plaintiffs as private persons. There is no averment that the attorney general was ever requested to institute or co-operate in bringing an action in the nature of quo warranto. There is nothing to show that anyone but the plaintiffs assail the an-

nexation order, or that they have authority to bring the action in behalf of others. One of the plaintiffs' signed the petition for annexation. The school district from which the territory has been segregated is not a party, and has made no complaint. So far as the complaint shows the plaintiffs were fully informed of every alleged fact upon which they predicate their action on June 25th, 1916, and yet there is not the slightest excuse offered for their failure to seek review by certiorari, or to institute their action within a reasonable time, or to prosecute the same with some degree of diligence. The trial court did not dismiss the action, but merely sustained the demurrer and granted plaintiffs leave to serve an amended complaint. It seems to me that the trial court was justified in making this order, regardless of the nature of the action. See Black v. Brinckley, 54 Ark. 372, 15 S. W. 1030; State ex rel. Walker v. McLean County, 11 N. D. 356, 367, 92 N. W. 385; State ex rel. West v. Des Moines, 96 Iowa, 521, 31 L.R.A. 186, 59 Am. St. Rep. 381, 65 N. W. 818.