[File No. 6365.]

STATE OF NORTH DAKOTA EX REL. JENNIE F. CHAM-
BERLAIN, Appellant, v. M. BEATRICE JOHNSTONE et al.,
as Directors and Trustees of the Teachers' Insurance and Retire-
ment Fund, as Officers of the Fund, and as Individuals, Respond-
ents.

(262 N. W. 193.)

Opinion filed July 23, 1935.

*F. E. McCurdy,* for appellant.

*P. O. Sathre,* Attorney General, and *W. J. Austin,* Assistant Attor-
ney General, for respondents.

BURR, J.   Relator applied to the court for a peremptory writ of man-
damus directed to the defendants as trustees of the Teachers' Insurance
and Retirement Fund requiring the trustees to certify to the State
Auditor that she was entitled to the sum of seventeen hundred and fifty
dollars from said fund, from and after March 11, 1929 because of total

and permanent disability of a physical character which she suffered on that day, and an annuity thereafter.

There is no dispute as to the facts. The relator is a school teacher who "after more than fifteen years of service as teacher in the public schools of this state had elapsed" was suffering from a permanent physical disability as determined under the provisions of subdivision 2 of § 1518, Comp. Laws, as amended by chapter 161, Sess. Laws of 1919.

Section 1504 of the Compiled Laws prescribes the amount of payments into the fund which the teacher must pay during the time she teaches. The facts admitted show that such payments began in 1918 and were continued by the relator up to and including 1930. In 1932 she applied for the annuity but did not make the final payments on her assessment until January 7, 1935. Immediately thereafter the board of trustees of the fund formally awarded her an annuity of two hundred and thirty-eight dollars to begin February 7, 1935. The trial court refused the writ and relator appeals.

Appellant says there are two issues involved—first, that the trustees of the fund have no authority to reduce the annuity below the minimum specified in § 1521 of the Compiled Laws as amended by chapter 161, § 8, Sess. Laws of 1919, which says such annuity shall not "be less than three hundred and fifty dollars in any one year, subject, however, to all the provisions of this article;" even though § 1522 of the Compiled Laws says: "The board of trustees may ratably reduce the annuities provided in this article, whenever in the judgment of the board, the condition of the fund shall require such reduction." Second, that the annuity to which she is entitled is payable from and after the date of her disability, rather than from and after the time when she completed the payment of her assessments.

The first issue is not before us for review, not having been presented to the trial court. The application specifies the physical disability was suffered March 11, 1929 and yet the relator demanded only seventeen hundred and fifty dollars. If she had been claiming three hundred and fifty dollars per year as the minimum, she would have been entitled to twenty-one hundred dollars. The record shows that the action of the trustees of the fund in reducing annuities ratably was taken January 28, 1933 and from that time on the minimum fixed by the board was

two hundred and thirty-eight dollars. It is clear that at the time the application was made to the lower court relator was not insisting on a minimum of three hundred and fifty dollars from the date of her disability. The sole issue presented to the trial court for determination was the date when the annuity would begin. The amount of the annuity was not involved.

Mandamus is not an action, but a special proceeding. Comp. Laws, §§ 7330 and 7331; State ex rel. Bickford v. Fabrick, 16 N. D. 94, 112 N. W. 74. While a special proceeding is in fact a trial to the court, though the court may submit certain issues to a jury (Muckler v. Smith, 51 S. D. 127, 212 N. W. 491), yet, on appeal to this court the appellant is not entitled to a review of a question not raised in nor considered by the court below. People ex rel. Hoefle v. Cahill, 188 N. Y. 489, 81 N. E. 453. While chapter 208 of the Session Laws of 1933 provides for a trial de novo in this court, in "all actions or proceedings tried to the court without a jury, and all actions or proceedings which are properly triable with a jury and a jury trial has been waived and the same are tried to the court without a jury;" nevertheless it cannot apply to an issue not raised by the pleadings and not presented to the trial court. Consequently, we expressly refrain from passing on the question of whether the board has a right to ratably reduce the annuities provided by law below the minimum fixed by said § 1521 of the Compiled Laws, and amendment. The issue we determine is—when do the payments of the annuity to which the relator is entitled begin?

The term "annuity," unless otherwise defined, means a yearly payment of money for life or years, according to the terms of a contract, the payment to begin at the end of a year from the happening of a specified event, unless otherwise stated. See Henry v. Henderson, 81 Miss. 743, 33 So. 960, 964, 63 L.R.A. 616; Mower v. Sanford, 76 Conn. 504, 57 A. 119, 63 L.R.A. 625, 100 Am. St. Rep. 1008; 2 R. C. L. 9; 3 C. J. 208. It is a stated sum, per annum, payable annually unless otherwise directed. Hartland v. Damon, 103 Vt. 519, 156 A. 518, 523; Steelman v. Wheaton, 72 N. J. Eq. 626, 66 A. 195, 196.

Relator does not claim that the statute states specifically when the payments of the annuity begin.

The statute, subdiv. 2, § 1518, as amended, provides: "If said payments (of assessments) shall not have amounted to said sum, (that

is, the sum of the full amount of an annuity to which such teacher shall be entitled for the first year) the teacher shall pay into the fund the deficiency *before receiving the annuity. . . .*" In other words, before the teacher may receive the annuity, she must have paid into the fund the full amount of the assessments required.

Relator says that upon this payment of the deficiency her annuity related back to the date of the disability, whereas the respondents say the payments begin from the date she completed her payments of assessment and after the disability occurred. The statute, in § 1524 and chapter 161, Sess. Laws of 1919, says the annuities shall be paid "quarterly in September, December, March and June of each year."

Before a teacher is entitled to an annuity for disability, there are two things must happen—she must have suffered a permanent disability, and she must have paid the full amount of the assessments. Upon the happening of these events, she then becomes entitled to an annuity—a sum measured per year—payable quarterly. The statute does not say it is payable in advance, or on the first day of the quarter; but contemplates payment quarterly at the end of a quarter of a year and each succeeding quarter after the annuitant is entitled to payment.

Before she may receive an annuity, she must have paid her assessments. "Before" means prior in time, previously to. The term "before receiving the annuity" means more than the actual reception of the money. It means before being entitled to receive the annuity. It is a prerequisite to a right to share in the fund. The annuity is the right to the status, as well as the payment itself. Before this right to an annuity itself and to the payments thereof matures, she must have completed payment of her assessments. When this is done, the "right" is created and the annuity begins, if she is disabled.

In the case at bar the deficiency amounted to two hundred and thirty-nine dollars and thirty cents. This deficiency was paid January 7, 1935, as before stated. In this case therefore the relator is entitled to an annuity, payable quarterly, beginning three months after the date she completed the payment of her assessments. The order of the trial court is affirmed.

BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.